[20998.    Department One. —July 15, 1893.]

## EX PARTE HONG SHEN, ON HABEAS CORPUS.

CONSTITUTIONAL LAW.— MUNICIPAL ORDINANCE — REGULATING SALE OF OPIUM — PRESCRIPTION OF PHYSICIAN — CONSISTENCY WITH GENERAL LAWS. — Order 2085 of the board of supervisors of the city and county of San Francisco, regulating the sale of opium in such city and county, while differing from the acts of the legislature of April 16, 1890, and March 11, 1891, prohibiting the sale of opium in certain cases, in that it provides that no opium shall be sold without a prescription of a physician, is not in conflict with such acts, and is warranted by section 11 of article XI. of the constitution, authorizing any county, city, town, or township to make and enforce within its limits "all such local, police, sanitary, and other regulations as are not in conflict with general laws."

ID.—PROVISIONS OF LOCAL ORDINANCE DIFFERING FROM STATE LAWS.—An ordinance or by-law of a municipal corporation is not inconsistent with general laws of the state merely because it makes another and different regulation for the sale of an article of commerce than that provided by the state law, where there is no direct conflict between its terms and the provisions of the state law.

ID.—CRIMINAL LAW—ONCE IN JEOPARDY.— Where the offenses under a state law and a municipal ordinance are different, there is no violation of the constitutional inhibition against putting one twice in jeopardy for the same offense.

MUNICIPAL ORDINANCES—REPEAL BY IMPLICATION—SMOKING OPIUM—PRESCRIPTION OF PHYSICIAN.—A municipal ordinance covering all kinds of opium, and prohibiting the sale thereof without the prescription of a physician, repeals by implication a prior ordinance licensing the sale of smoking opium, without requiring such prescription, and the court cannot say as matter of law or fact, that no respectable physician would give a prescription for smoking opium.

APPLICATION to the Supreme Court for a release from imprisonment upon a writ of *habeas corpus.*

The facts are stated in the opinion of the court.

*Lyman I. Mowry*, for Petitioner.

*A. O. Colton*, for Respondent.

PATERSON, J.— The petitioner was convicted in the police court of the city and county of San Francisco of selling opium without a physician's prescription under order No. 2085 of the board of supervisors, approved July 18, 1889. Section 1 of the ordinance provides that " It shall be unlawful for any apothecary . . . . or any person whatever to sell . . . . to any person in the city and county of San Francisco any opium . . . . except upon written prescription or written order of a practicing physician, as provided in this order, and except upon the day of the date of said prescription or order." Section 2 of the order provides that every person selling opium, etc., must keep a book and record therein the sale, the name, age, sex, color of the person receiving the poison, the name and quantity thereof, as well as the name of the physician and the name and residence of the patient, and that there shall be attached to the bottle or parcel containing the article the name thereof, together with the name of the physician, the name of the druggist or other person who sells the article, and his place of business. Section 3 provides that the prescription or order must be dated and signed by a physician, who must be a graduate in medicine, with a diploma from a regularly constituted medical institu-

tion, and must contain the name and residence of the patient and the residence or office of the physician. Section 9 makes it a misdemeanor to violate any provision of the order, punishable by fine, not exceeding five hundred dollars, or by imprisonment, not exceeding six months, or by both such fine and imprisonment.

An act to regulate the sale of certain poisonous substances, approved April 16, 1880, provided that it shall be unlawful for any person to retail certain poisons, including opium, without labeling the bottle or other package, with the common name of the article, together with the word "poison," and the name and place of business of the seller. The act makes it unlawful for any person to retail any of the poisons named, unless upon due inquiry it is found that the person receiving the same is aware of its poisonous character, and that it is to be used for a legitimate purpose. The act also requires a record to be kept stating substantially the facts required by the order above named, and in addition thereto, requires the seller to ascertain whether the name and address given by the person receiving the poison are the true name and address, and for that purpose to insist upon the person being identified. Any violation of this act is made a misdemeanor, and is punishable as such. (Stats. 1880, p. 102.)

An act to regulate the practice of pharmacy and sale of poisons in the state of California, approved March 11, 1891, contains substantially the same provisions as those found in the act last above referred to, and in addition thereto provides that said provisions "shall not apply to the dispensing of poisons when prescribed by practitioners of medicine, nor to the sale of poisons if a single bottle or package does not contain more than an ordinary dose." The act provides that any person failing to comply with the requirements aforesaid shall be guilty of a misdemeanor, and upon conviction shall be liable to a fine not exceeding fifty dollars. (Stats. 1891, p. 88.)

It will be seen from the provision above referred to, that the state and municipality have both legislated upon the same subject. The state has endeavored to regulate the sale of certain poisons by requiring the seller to make certain inquiries and keep a record of certain facts, but it is not provided that opium

cannot be sold except upon prescription of a physician furnished by the purchaser. In this respect the order of the board of supervisors goes beyond the requirements of the statute, and the question is whether or not the board have the right so to legislate upon the subject.

There is no doubt that municipal by-laws may stand if not inconsistent with state laws, and that the by-law is not necessarily void simply because the legislature has regulated the same subject by law; but it must be in harmony with the general laws of the state and with the provisions of the municipal charter. "Whenever they come in conflict with either, the by-law must give way." (Cooley's Constitutional Limitations, 6th ed., p. 239.)

Our constitution provides that "any county, city, town, or township, may make and enforce within its limits all such local, police, sanitary, and other regulations as are not in conflict with general laws." (Art. XI., sec. 11.) It is claimed by the petitioner that, inasmuch as the legislature has regulated the sale of certain poisons, including opium, by the acts above referred to, it is not within the power of the board of supervisors of the city and county of San Francisco to make another regulation or to prohibit the sale of opium; that an ordinance is in conflict with the general laws when it makes another and different regulation for the sale of an article of commerce than that provided by a statute of the state.

The soundness of this contention we cannot admit. There may be different regulations without a conflict. The revised statutes of the state of New York provide that "no keeper of an inn, tavern, or of any ale-house, or porter-house, or grocery, nor any other persons authorized to retail strong or spirituous liquors, shall, on Sunday, sell or dispose of any ale, porter, strong or spirituous liquors, excepting to lodgers in such inns or taverns, or to persons actually traveling, in the cases allowed by law." The ordinance of the city of Brooklyn provided that no person should sell or dispose of any ale, porter, strong or spirituous liquors in said city on Sunday. It was claimed that the common council had exceeded the power conferred upon it in passing this ordinance, because the charter of the city authorized the city council to make only such ordinances,

rules, police regulations, and by-laws as are *not contrary to the laws of that state.* The supreme court said: "The revised statutes simply prohibited the sale of spirituous liquors on Sundays to any but lodgers and lawful travelers.. It might possibly have been competent for the common council under their general power to make the police regulations to extend the prohibition, so as to make it total on that day. *At any rate, there would not have been a direct conflict.* But the revised statutes in this particular are not simply prohibitory, they are also expressly permissive. They authorize the vendition on Sunday to certain lodgers and travelers. It needs no reasoning to show that two provisions, the one permitting, and the other prohibiting the same act, are in direct conflict with each other." (*Wood* v. *The City of Brooklyn,* 14 Barb. 426.) So, in the action at bar, the legislature has simply prohibited the sale of opium, and certain other poisons, unless a certain record is kept. It has not directly authorized the sale of opium without the prescription of a physician; it has not legislated upon that subject at all, except in providing that where a physician's prescription is presented no other record need be kept. The city has gone further than the statute and provided that no opium shall be sold without a prescription. While the regulation is different from that of the state there is no *conflict,* and, therefore, it is not in violation of the provision of the constitution quoted above.

There are the very best of reasons why cities should be authorized to impose penalties in addition to those inflicted by the laws of the state. "Particular acts may be far more injurious, while the temptation to commit them may be much greater in a crowded city than in the state generally. They consequently require more severe measures for prevention. State laws are, of course, for the general good, and cannot always answer the peculiar wants of particular localities." (*Wood* v. *City of Brooklyn,* 14 Barb. 426. See also *City* v. *Kellar,* 18 Iowa, 66; *In re Sic,* 73 Cal. 151; *Ex parte Cheney,* 90 Cal. 620.)

The offenses being different there is no violation of the constitutional inhibition against putting one twice in jeopardy for the same offense. (*McInerney* v. *City of Denver,* 29 Pac. Rep. [Colo.] 518.)

It is claimed by the petitioner that the board of supervisors

of the city and county of San Francisco, by order No. 1615, has provided for the legitimate sale of *smoking* opium, as said order provides for licenses for the sale of such opium graduated according to the amount of sales; that order No. 2085 was not *intended* to cover *smoking* opium; that the two orders can be read together so as to give force to both without doing violence to the language of either, and the latest should not, therefore, be held to have repealed the former by implication. And again, that if order 2085 does repeal order 615, then it in effect prohibits the sale of smoking opium, because before a sale can be lawfully made there must be presented the written prescription of a physician; that "smoking opium is not a medicine, and no respectable physician will give a prescription for it."

The language of order No. 2085 covers all kinds of opium, and "any extract of opium or production thereof . . . ; or any preparation or compound of which any of those substances, extracts, or products is an element or ingredient." There is no question, therefore, that all orders in conflict therewith are repealed.

Conceding that the board of supervisors does not possess the power to prohibit the sale of smoking opium, the last point made by the petitioner is not sound. The court cannot say, as a matter of law or fact, that no respectable physician would give a prescription for smoking opium.

The petitioner is remanded to the custody of the chief of police.

GAROUTTE, J., and HARRISON, J., concurred.