# CRIMINAL COURT OF BAL-TIMORE CITY.

Filed March 26, 1909.

STATE
VS.
WILLIAM ROSSBERG.

*Albert S. J. Owens* and *Emory L. Stinchcomb* for the State.

*Joseph C. France* and *James J. Mc-Namara* for the respondent.

HARLAN, NILES and STOCK-BRIDGE, JJ.—

The defendant, William Rossberg, is indicted for the violation of an ordinance No. 156, approved June 19, 1908, commonly known as the "Cocaine Ordinance."

The indictment contains nine counts, which charge the defendant in varying terms with selling, furnishing or giving away cocaine to a person unknown, and to James Carter and Howard Nelson, and in the third count with having the same drug unlawfully in his possession, and in the sixth, that while a licensed pharmacist, he illegally sold and furnished the drug.

Each count of the indictment is demurred to, on the ground of the alleged invalidity of the ordinance. There is no question before the court with regard to whether the allegations con-

tained in the indictment, if supported by proof, would justify a conviction under the Act of 1906, Ch. 523.

A number of reasons have been urged in argument against the validity of the ordinance, some upon constitutional grounds, some upon a supposed repugnance between the ordinance and Act of Assembly upon the same subject.

In one aspect the most important of the reasons assigned is that an individual may for one and the same act be exposed to a double prosecution, once for violation of the State law, and again for a violation of a municipal ordinance.

By the great weight of authority throughout this country an ordinance is not rendered invalid merely because such a condition may result. It is to be noted in this connection that in most of the States where such a rule has been sanctioned the jurisdiction over the violation of the State statute and of the municipal ordinance was vested in different tribunals. But the same rule seems to have been recognized as the law of Maryland in a dictum in Schaeffer vs. Mumma, 17 Md. 331, even where the same tribunal has jurisdiction of a State statute and a municipal ordinance.

But it is not necessary to decide in the present case whether a conviction or acquittal on a charge of the violation of a State statute could properly be pleaded to an indictment for the violation by the same act of a municipal ordinance. That question could be raised by a plea in bar on a second prosecution, and the court now is only required to determine upon this demurrer whether the possible condition above mentioned invalidates the entire ordinance, so that no indictment whatever can be sustained under it. And the court is clearly of the opinion that the ordinance can not be held invalid upon such ground.

The reason why a single act may be amenable to both a general law and municipal ordinance is well stated in Ex parte Hong Shen, 98 Cal. 681, as follows:

"Particular acts may be far more injurious, while the temptation may be much greater in a crowded city than in the State generally. They consequently require more severe measures for prevention. State laws are of course for the general good, and can not always answer the peculiar wants of particular localities."

Authorities might be multiplied to the same effect, where the subject-matter dealt with was one of the class embraced in what is commonly called the "police power." It can not be necessary at this date to enter upon a discussion of what are embraced within the police powers of a State or munic ipal corporation. Whatever else they include, they are universally recognized as extending to all that has to do with safety, health and morals of a community. Opium, cocaine and other drugs enumerated in the ordinance are everywhere regarded as powerful drugs of great value when used under the supervision of a physician, but so potent, when used otherwise than under competent medical supervision as to be a menace to both the health, good order and morals of a community. They are, therefore, legitimately within the scope of regulation by the State, or city, or both, in the exercise of the general police power. Adjudications to this effect are numerous. A good illustration of them may be found in Mon Luck vs. Sears, 32 L. R. A. 738.

At the time of the adoption of the Municipal Charter in 1898, there was neither statute nor ordinance in force, having for its object the regulation of the sale, furnishing or having in possession drugs of the character of cocaine. The grant of police power to the city as contained in the Charter was general in terms, but very ample. The language used was: "To have and exercise within the limits of the City of Baltimore all the powers commonly known as the police power to the same extent as the State has or could exercise said power within said limits."

A broader or fuller grant of power it is difficult to conceive. Six years after this Charter was granted the State passed the first act on the subject, and that was amended and in scope two years later in 1906. The ordinance of the legitimate corporation was not adopted until 1908. It is now urged in support of the demurrer that the passage of the Acts of 1904 and 1906 operated to prevent any further legislation by the city on the subject, or in effect curtailed to this extent the grant of power in the City Charter. We can not so view it. To accept such a view would render practically impossible the existence of concurrent regulations by

State and city, as approved in Schaeffer vs. Mumma, already cited, and would be contrary to the great weight of authority.

The imposition of additional regulations or even the declaring illegal by ordinance acts which would have been legal under a State law, have been repeatedly held not to create such inconsistencies as to render void the municipal regulation.

St. Louis vs. Schoenbusch, 95 Mo. 618.

People vs. White Lead Works, 82 Mich. 471.

McInterney vs. Denver, 17 Colorado 302.

The punishment as provided by the State law, and that set out in the ordinance is not the same, and this fact is urged as constituting such repugnance as to render the ordinance invalid. No authority has been cited, nor has any been found by the court which makes an identity of penalty, a requisite for the validity of action by the municipal corporation. An examination of cases shows the law to be quite the reverse.

McPherson vs. Chebause, 114 Ill. 46.

Linnens vs. Dusky, 19 Mo. Ap. 20.

But in dealing with municipal ordinances there is an aspect which courts consider beyond what they do when examining Acts of Legislature, namely, the reasonableness of the ordinance.

As was said by Chief Justice McSherry, in State vs. Hyman, 98 Md. 618: "The legislature being the sole depository of the law making power, it is not for courts of justice to say that a given enactment passed in virtue of the police power, and having a direct relation to it, is void for unreasonableness, because if courts undertook to exercise such an authority they would in effect exert a veto on legislation. But whenever power has been delegated by the legislature to a municipal corporation to adopt and promulgate ordinances for the protection of the public health, morals or safety, the unreasonableness of the measures enacted by the municipality is a feature to which the courts look to see whether the measure is within the power granted, and they do this upon the assumption that the legislature did not intend to empower the municipality to enact unreasonable or oppressive ordinances."

The ordinance now under consideration differs in one very important respect from the act of the legislature, viz: In making it an offense to have cocaine in possession except as prescribed in the ordinance. It thus goes beyond the act of the legislature, and makes that illegal which was legal under the act. If such provision be unreasonable it might afford good ground for holding the ordinance or that part of it invalid.

There have been many Acts of Assembly and ordinances of municipalities passed, constituting the mere possession of an article a misdemeanor. Lottery tickets, policy slips, deadly weapons, oysters below a certain size, gill nets or seines, game at certain seasons and drugs such as opium and cocaine, each have been the subject of legislation wherein the mere possession was made an offense; and wherever the courts have been able to see that the possession was really that which the acts were directed against, such acts and ordinances have been sustained.

Ford vs. State, 85 Md. 465.

Ex parte McLain, 134 Cal. 113.

Police Comms. vs. Wagner, 93 Md. 191.

Mon Luck vs. Sears, 32 L. R. A. 728

State vs. Lewis, 20 L. R. A. 52.

Windsor vs. State, 103 Md. 611.

Stevens vs. State, 89 Md. 669.

The court is not to be understood as attempting at this time to formulate any definition of what constitutes possession within the purview of the ordinance. It will be time enough to deal with that when the question arises. All that the court does decide at this time is, that by interdicting the possession of the drugs named in the ordinance, except in the manner and for the purposes therein set forth, the ordinance is not of itself so unreasonable as to make it incumbent upon this court to strike it down as invalid.

It has been strenuously urged that by reason of the penalties provided in the ordinance there is conflict, and such conflict with the Act as to render the ordinance bad. The Act provides for a conviction of a first offense, a fine of not less than $25, nor more than $50; for a conviction of a second offense, a fine of not less than $50, nor more than $100; and for a conviction upon any

subsequent offense a fine of not less than $100, nor more than $200; and imprisonment in jail not exceeding six months, and with the further provision, that if the party so convicted a third time be a licensed pharmacist, physician, dentist or veterinary surgeon his license shall be revoked. By the ordinance a punishment is provided of a fine not less than $100, nor more than $800 and imprisonment in jail not less than six months, nor more than twelve months, and if the party convicted is a licensed pharmacist, physician, dentist or veterinary surgeon that his license shall be revoked.

It will thus be seen that the punishment provided by the ordinance is more severe and drastic than that provided by the Act of the Legislature, and this is undoubtedly for the reason set out in the case already cited of Ex parte Hong Shen, 98 Cal. 681.

The powers of the municipal corporation to enforce its ordinance is to be found in the welfare clause of the City Charter, where it is said that "it (the municipal corporation) may provide for the enforcement of all such ordinances by penalties and imprisonments, as may be prescribed by ordinance, but no fine shall exceed $500, nor imprisonment exceed 12 months for any offense."

It will thus be seen that the fine and imprisonment provided by the cocaine ordinance is within the limits of the power vested in the municipal corporation by the terms of its Charter. To this extent, therefore, the ordinance is not ultra vires.

It has been earnestly contended by counsel for the State that the forfeiture element of the punishment provided by the ordinance is embraced within the word "penalty." This term has been frequently defined by the courts, and there can be little doubt as to its meaning in law at the present time. Thus in U. S. vs. Reisinger, 128 U. S. 398, it is said: "Penalty is the punishment inflicted by law for the violation. The term is mostly applied to pecuniary punishments, but it is not exclusively so, and may cover imprisonment as well as fine," and in Huntington vs. Attrill, 146 U. S. 667. "The words penal and penalty strictly and primarily denote punishment whether corporal or pecuniary, and enforced by the State for a crime or offense against its laws."

It will thus be seen that the term is a general one, which embraces both fine and imprisonment, and it may not be proper to extend its meaning beyond that, in the absence of specific authority, but, however this may be, in our judgment this part of the penalty in the ordinance is so unusual and oppressive as to be unreasonable, and should be condemned for this reason.

Can it now be said that if the element of forfeiture of a license of a pharmacist, physician, dentist or veterinary had not been embodied in the ordinance, the council would not have passed it? If so, then the ordinance is undoubtedly void; on the other hand, if the passage of the ordinance was not dependent upon this particular form of punishment for its violation, then such provision may fail, and the rest of the ordinance remain intact.

An examination of the ordinance itself seems to indicate that the evil aimed at by the City Council was the prohibition of the selling, furnishing, giving away or having in possession certain specified drugs of a well known dangerous character, rather than any particular code of punishment to be meted out to those who should violate its provisions, and since the elimination of the forfeiture of license as a penalty would not operate to destroy the general intent or plan of legislation, the rest of the ordinance may stand, giving full effect to the intent of the municipal regulation.

The demurrer will accordingly be overruled.