# ✻ THE PEOPLE v. QUINN.

UNDER our statute, (Act May 1st, 1853) the repeal of a criminal law does not operate to bar the indictment and punishment of an offense committed under the law, unless the intention so to bar be expressly declared in the repealing act.

The oath to be made, under the Revenue Act of 1857, to the "list" or "statement" of taxable property, need not be in writing. Nor need the taxpayer furnish in writing such "list" or "statement." It is sufficient if he give the Assessor the necessary information to make out the "list."

On trial for perjury in making oath to a false list of property, under the Revenue Act of 1857, the Assessor's memorandum book, in which he had noted in pencil the property given in by defendant, was offered in evidence by the prosecution to prove the facts recited therein—the Assessor first identifying the book as being the list made by him : *Held,* that the book—though, perhaps, admissible to show that there was a list taken by the Assessor—was not competent to prove the property therein to be that given in by defendant; or that it was all the property given in by him ; or that he swore to it as a correct list of his property—the book not being offered to refresh the memory of the Assessor, and he stating that by this memorandum only was he enabled to testify as to the property defendant swore to.

APPEAL from the Court of Sessions of San Joaquin.

Indictment, for perjury in giving in to the Assessor and swearing to a false list of taxable property, under the Revenue Act of 1857. Defendant appeared before the County Assessor at his office on the sixth of June, 1859, and, at his request, made a verbal statement of his property for assessment. The Assessor took down the statement in pencil in a memorandum book, called by him "a book of original assessments," as follows :

"John Quinn at Peyton's.

"P. Prop.   1 Yoke of Cattle, valued at............$100 00
"         1 Horse, valued at.................. 50 00
"Sworn June 6th."

The Assessor then administered to defendant this oath, verbally: "You solemnly swear that the list you have rendered embraces a full, true and correct statement of all real estate, improvements and personal property within this county, which you own or claim, or which is in your possession or under your control, so help you God."

The Assessor on the trial testified that he made no certificate of this oath, and gave it as above from memory, and that he had no recollection of the property defendant swore to, except by referring to the entry of it in the memorandum book; that this book was furnished him by the county, and that he deposited it in the Clerk's office the first Monday in August, 1859, though it has no indorsement of filing by the Clerk or any other officer; that he, witness, now receives the book from the District Attorney, and that the only indorsement on it is: " County Assessor's Original Lists for 1859, outside of Stockton, vol. 2." The prosecution then offered in evidence the entry in said book of the property of defendant as above given. Objected to as irrelevant and immaterial; and because there was no law authorizing any such book as an official book of the Assessor, and because it was not competent proof of either the furnishing a list or statement to the Assessor, or the taking an oath thereto. Overruled; book admitted and exceptions taken.

The Court instructed the jury, substantially, that if defendant gave the Assessor a list or statement of his property, and swore to it, and the oath was willful, corrupt and false, and defendant had more property than was set forth in his statement, and sworn to, he is guilty as charged. The jury after having retired, returned into Court of their own accord, and asked whether the entry made in the book by the Assessor was legal evidence; whereupon, the Court replied: " The list of the Assessor was admitted in evidence." Defendant excepted. Verdict of guilty. Judgment accordingly. Defendant appeals.

*Hall & Huggins*, for Appellant.

I.   Where an offense is made felony by statute, and the statute is afterwards repealed, no proceeding can be had after that time for an offense committed under it, unless the repealing statute have a proviso authorizing the proceedings. (*Commonwealth* v. *Webster*, 2 Dana, 339; *Alto* v. *Commonwealth*, 2 Virg. Cas. 382; *State* v. *Tombeckbee Bank*, 1 Stew. 347; *Commonwealth* v. *Leftwick*, 5 Rand. 657; *People* v. *Livingston*, 6 Wend. 526; *People* v. *Gill*, 7 Cal. 357.) And even though there has been a conviction under the repealed act, sentence cannot be awarded after the repeal upon

the conviction had before. (*Commonwealth* v. *Marshall*, 11 Pick. 350 ; *Pope* v. *Lewis*, 4 Ala. 487.) Nor does it vary the rule that the repealing statute has a clause describing the offense and prescribing the punishment in all respects the same with the statute repealed. (*Scott* v. *Commonwealth*, 2 Virg. Cas. 54 ; *State* v. *Cole*, 2 McCord, 1.) .

II.    The parol evidence of the statement or list, and of the oath, was incompetent proof of those facts.

III.    The book which the Assessor kept, and which he called " a book of original assessments," was not competent evidence of the statement.

*A. C. Monson*, also for Appellant.

The Court admitted the book itself, as evidence *per se* of the list, not merely as refreshing the recollection of the witness.

*Thos. H. Williams*, *Attorney General*, for Respondent.

I.    Admitting that the prosecution was under the Revenue Law, the repeal of the law did not affect this case. (Wood's Dig. 325, sec. 1.)

II.    Most oaths are verbally administered. It is as competent for the Legislature to authorize the Assessor to administer a verbal oath, as it is to administer one in writing ; and the verbal oath was contemplated in this case. (Revenue Act, Wood's Dig. 615, sec. 3.)

III.    Objection is made to the use of the Assessor's book upon the trial. Sec. 4 of the act shows that the book used is the one required and authorized by law to be made and kept. If so, it was the only competent testimony of the entries made by the Assessor.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

The defendant was convicted of perjury in giving in a false list of his property.

1. The first exception is, that the Act of 1857, under which the oath was taken, was repealed before the finding of the indictment, or at least, before the trial, and therefore the defendant was not

People *v.* Quinn.

amenable to its provisions.   But though this point would be good at the common law, it is not well taken here, because the statute (Wood's Dig. art. 1868) provides that notwithstanding the repeal of a penal act, offenses commtted while it was in force are still punishable.

2. It is next objected that the affidavit must be in writing, and accompany the list or statement, and in this case there was no such affidavit, but parol proof was given of the oath.   Doubtless it is a more certain and a better practice to take the affidavit in the form suggested, but we see nothing in the statute which makes it indispensable.   It is true, some sections of the statute speak of a "list," and of a "statement;" and the inference from, if not the direct meaning of these expressions is, that the schedule of the property should be in writing; but this act does not prescribe that the oath is to be in writing and subscribed; the mere requirement that a *statement* is to be made under oath, does not imply that the oath is to be reduced to writing, and subscribed by the affiant.   Nor is it necessary that a list be furnished in the handwriting of or made out by the taxpayer.   This would be inconvenient, and is unnecessary. It is enough if he furnish the materials or information to the Assessor, who may himself make out the list.

3. It seems that on the trial the prosecution offered a memorandum book, in which the Assessor entered a note of the property given in by the defendant.   This entry was made in pencil in the handwriting of the Assessor.   This memorandum constituted the list of property in respect to which the perjury is charged.   Perhaps this was admissible to show that there was a list of property taken by the Assessor, but we cannot see that it was legal evidence to prove that the property therein was that given in by the defendant, or that it was all the property given in by him, or that he swore to it as a correct list of his property.   It was not offered to refresh the memory of the witness; but the witness stated that only by this memorandum he was enabled to testify as to the property the defendant swore to.   The paper seems to have been offered as sufficient proof of itself—after being identified as the list made by the Assessor—of all the facts it recites.   We do not see by what authority such effect could be given to it.   It was not a record, or

even an official book, recognized or required by law. It seems to be the mere act of an officer—like that of a Sheriff taking a memorandum of property levied upon—which could not be held as evidence of itself of the facts recited.

The Court, after admitting this memorandum in evidence, instructed the jury, on their return, that this entry was legal evidence.

The charge we think too broad, and calculated to mislead them. It was not, under the facts detailed by the witness, evidence of the facts contained in the memorandum.

For this error the judgment is reversed, and the cause remanded.