## KEMMISH *v.* BALL and others.

(*Circuit Court, S. D. Iowa, W. D.* March Term, 1887.)

1. STATUTES—REPEAL—EFFECT.

Section 4059, Code Iowa, declared that any person having certain Texas cattle shall be liable for any damages that may accrue from allowing said cattle to run at large, and thereby spreading the "Texas fever" among other cattle. A repeal of this statute went into effect after acts had been done in violation of the statute, whereby the plaintiff was damaged. Plaintiff bringing his action therefor, defendant claimed that the repeal terminated the right to recover under its provisions, the statute being penal in its nature. *Held,* under section 45, Code Iowa, providing: "The repeal of a statute does not affect any right which has accrued, any duty imposed, any penalty incurred, or any proceeding commenced, under or by virtue of the statute repealed,"—that the rights of the parties were not affected by the repeal.

2. ANIMALS—IMPORTING DISEASED CATTLE—LIABILITY.

One who, knowing that his cattle are infected with Texas fever, a contagious disease, brings his cattle into a state, and allows them to run at large on the range used by the cattle of another, whereby the other's cattle become infected and die, is liable to such other for the damage thus caused by his negligence, without regard to any state statute prohibiting the introduction of such cattle, and giving damages therefor.

At Law. Demurrer to Petition.

*S. H. Cochran* and *Flickinger Bros.*, for plaintiff.

*Sapp & Pusey*, for defendants.

SHIRAS, J. In the amended petition filed in this cause it is averred that in 1885 the defendants were the owners of a herd of Texas cattle, having purchased the same at or near Ft. Smith, in the state of Arkansas; that said cattle were affected with a dangerous and contagious disease known as "Texas cattle fever;" that defendants well knew that such cattle had such disease, and that the same would be readily communicated to other cattle brought into contact with the diseased cattle, or upon the places or pastures where the latter might be driven; that the defendants,

with such knowledge, did willfully, wrongfully, and in violation of the provisions of section 4059 of the Code of Iowa, on or about June 1, 1885, drive said herd of infected cattle from the state of Arkansas into Union township, Harrison county, Iowa, and turned the same loose upon the range and commons in said township, upon which plaintiff's native cattle then were, and thereby said disease was communicated to plaintiff's cattle, causing the death of a number thereof; and for the damages thus caused plaintiff prays judgment.

Sections 4058 and 4059 of the Code of Iowa, in force in 1885, were as follows:

"Sec. 4058. If any person bring into this state any Texas cattle, he shall be fined not exceeding $1,000, or imprisoned in the county jail not exceeding 30 days, unless they have been wintered at least one winter north of the southern boundary of the state of Missouri or Kansas, provided that nothing herein contained shall be construed to prevent or make unlawful the transportation of such cattle through this state on railways, or to prohibit the driving through any part of the state, or having in possession any Texas cattle between the first day of November and the first day of April following.

"Sec. 4059. If any person now or hereafter has in his possession in this state any such Texas cattle, he shall be liable for any damages that may accrue from allowing said cattle to run at large, and thereby spreading the disease among other cattle known as the Texas fever, and shall be punished as is prescribed in the preceding section."

By an act of the legislature approved April 10, 1885, these sections were expressly repealed, and substitutes therefor were enacted.

On behalf of defendants, it is claimed that the repeal of section 4059, without any saving clause in the repealing act, terminates the right to recover under its provisions, the section being penal in its nature. Section 45 of the Code provides that in the construction of the statutes it is the rule that "the repeal of a statute does not revive a statute previously repealed, nor affect any right which has accrued, any duty imposed, any penalty incurred, or any proceeding commenced, under or by virtue of the statute repealed." Under the provisions of this section, the rights of the parties are not affected by the repeal of section 4059. The argument of counsel for defendants in support of the demurrer is principally in support of the proposition that sections 4058 and 4059 of the Code are unconstitutional, in that they are regulations of interstate commerce, within the definition given to that term in *Railroad Co.* v. *Husen*, 95 U. S. 465.

In that cause the supreme court had under consideration a statute of the state of Missouri which absolutely prohibited the bringing into the state, for eight months in the year, any Texas, Mexican, or Indian cattle, with the proviso that bringing such cattle into the state, loaded upon cars for transportation through it without unloading, should not be deemed a violation of the act, but that the transportation company should be liable for all damages caused by the communication of disease from such cattle. The supreme court held "that while the state may pass sanitary laws, and laws for the protection of life, liberty, health, or property within its borders, while it may prevent persons and animals

suffering under contagious or infectious disease from entering the state, while for the purpose of self-protection it may establish quarantine and reasonable inspection laws, it may not interfere with transportation into or through the state, beyond what is absolutely necessary for its self-protection." The court held that the restrictions and burdens placed by the act upon the transportation companies were so onerous as to substantially prohibit commerce in these cattle, and that, therefore, the act was void.

That the restrictions of the Iowa statute in force in 1885 were less burdensome than those of the statute held unconstitutional in the case cited is apparent, but whether sufficiently so to remove the constitutional difficulty it is not necessary to determine. Even if section 4058 could not be sustained as being only a fair exercise of the power of the state to protect its citizens and their property against infection and disease, would it follow that section 4059, which declares that any one having in his possession any Texas cattle shall be liable for any damages that may result from permitting the same to run at large, and thereby communicating disease to other cattle, is unconstitutional?

Without, however, deciding the questions argued by counsel touching the validity of these sections of the Code, it seems clear that the demurrer to the amended petition cannot be sustained, because the facts therein stated constitute a cause of action without aid from the statutory provisions. It is alleged in the petition that the cattle owned by defendants were infected with the disease known as "Texas fever," so that, if brought into proximity to native cattle, or upon the pastures thereof, the disease would be liable to be communicated; that the defendants knew this fact, and with such knowledge brought such infected cattle into Iowa, and permitted them to run at large upon the range used by plaintiff's cattle, and thereby the latter became infected, and many of them died.

The facts averred in the petition would justify the jury in finding that the defendants were negligent in permitting such cattle to run at large, when the natural and probable result of so doing would be the communication of disease to other cattle; and if, through the negligence of defendants as a proximate cause, loss has been occasioned to plaintiff, an action therefor can be maintained. Demurrer is therefore overruled.

LOVE, J., concurs.