PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* GARCÍA & RAHOLA, RAMÓN LÓPEZ RAMÍREZ, RAMÓN TEMBLEG, CROSAS & CO., BRUNO & VÁZQUEZ, JAIME GELABERT, JUAN SIERRA, JR., THE P. R. THEATRICAL CORP., R. LLOVERAS SOLER, FRANCISCO RODRÍGUEZ and J. GELABERT & CO., Defendants and Appellants.

Nos. 2177–81 and 2183–89. Argued January 12, 1926.— Decided February 3, 1926.

*Guerra Mondragón & Soldevila* for the appellants. *José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

All of these cases were prosecutions for violations of Ordinance No. 13 adopted by the Municipality of San Juan on May 23, 1921. The defendants were found guilty and

sentenced in accordance with the punitive sanction of the said ordinance. They appealed and raised interesting questions concerning the constitutionality of the ordinance.

Awaiting the final decision of certain cases pending in the Supreme Court of the United States, the action of this court was postponed. In the meantime Ordinance No. 13 was repealed without any reservation and on January 12, 1926, the day set for a rehearing before the whole court, the attorneys for the appellants filed a motion, based on the repeal, for the dismissal of the causes and the discharge of the defendants.

██ With its usual clearness, Ruling Case Law summarizes the jurisprudence on the subject and the applicable part of that summary reads as follows:

"It is with reference to statutes defining crimes and providing their punishment that repeals operate with the utmost freedom. In such cases the extinction of the statute is understood to be an indication that the sovereign power no longer desires the former crime to be punished or regarded as criminal. Therefore when such a statute is repealed, it is as if it never existed, except for the purpose of proceedings previously commenced, prosecuted, and concluded, and even a plea of guilty before the repeal will not authorize the court to pass sentence. The general rule that the repeal of a criminal statute nullifies all proceedings under it has been applied to ordinances and to local option laws. . . . If a penal statute is repealed pending an appeal or writ of error, and before the final action of the appellate court, it will prevent an affirmance of a conviction, and the prosecution must be dismissed or the judgment reversed. The repeal of a municipal ordinance pending an appeal from a conviction thereunder in an inferior court abates the proceeding." 25 R. C. L. 941–42.

One of the cases cited in Ruling Case Law is that of *Ball* v. *Tolman*, 135 Cal. 375. In it the question was studied fully and the necessary distinctions were established. From the opinion we quote the following paragraph:

"Mr. Sutherland, in his Statutory Construction (section 166), states that the effect of the repeal of a penal statute is to prevent any prosecution, trial, or judgment for any offense committed against it

while it was in force, unless there is a saving clause in the repealing act, and that if a penal statute is repealed pending an appeal, and before the final action of the appellate court, it will prevent an affirmance of a conviction, and the prosecution must be dismissed or the judgment reversed."

From the syllabus of the case of *United States* v. *Tynen,* decided by the Supreme Court of the United States in 1870 and reported in 78 U. S. at page 88, we quote the following:

"By the repeal of an act, without any reservation of its penalties, all criminal proceedings taken under it fall. There can be no legal conviction, nor any valid judgment pronounced upon conviction, unless the law creating the offence be at the time in existence."

There is, then, no doubt that the jurisprudence favors the contention of the appellants, but there is a statute in force in Porto Rico contrary to that jurisprudence. We refer to section 44 of the Political Code, Comp. sec. 2707, which reads as follows:

"The repeal of any law creating a criminal offense does not constitute a bar to the indictment or information and punishment of an act already committed in violation of the law so repealed, unless the intention to bar such information and punishment is expressly declared in the repealing act."

In interpreting and applying similar statutes of California and Iowa the following has been held:

"Under our statute (Act May 1st, 1853,) the repeal of a criminal law does not operate to bar the indictment and punishment of an offense committed under the law, unless the intention so to bar be expressly declared in the repealing act." *People* v. *Quinn,* 18 Cal. 122.

"Section 4059, Code Iowa, declared that any person having certain Texas cattle shall be liable for any damages that may accrue from allowing said cattle to run at large, and thereby spreading the 'Texas fever' among other cattle. A repeal of this statute went into effect after acts had been done in violation of the statute, whereby the plaintiff was damaged. Plaintiff bringing his action therefor defendant claimed that the repeal terminated the right to recover under its provision, the statute being penal in its nature. *Held,* under section 45, Code Iowa, providing: 'The repeal of a statute

does not affect any right which has accrued, any duty imposed, any penalty incurred, or any proceeding commenced, under or by virtue of the statute repealed,' that the rights of the parties were not affected by the repeal.'' *Kemmish* v. *Ball et al.,* 30 Fed. 759.

Now, are the statute and the jurisprudence which we have just quoted applicable to cases of municipal ordinances? The *Fiscal* of this court cities in his supplementary brief a California case which decides the question in the negative. It is that of *Spears* v. *County of Modoc,* 101 Cal. 303 (35 P. 869), from the syllabus of which we quote the following:

''Section 329 of the Political Code, providing that 'the repeal of any law creating a criminal offense' does not bar proceedings for the 'punishment of an act already committed in violation of the law so repealed,' unless the intention to bar such proceedings 'is expressly declared in the repealing act,' is limited in its application to the repeal of a 'law' and does not extend to the repeal of a municipal ordinance.''

In our opinion we should accept and apply to these causes the criterion of the Supreme Court of California, based on the rule of interpretation ''tersely stated by Bishop,'' as said by the court in *People* v. *Tisdale,* 57 Cal. 104, 107, as follows:

''They are to reach no further in meaning than their words; no person can be made subject to them by implication; and all doubts concerning their interpretation are to preponderate in favor of the accused.''

It only remains to consider the question of whether this court can base its decision, as it has done, on the repeal of the ordinance referred to herein. The repealing ordinance was exhibited at the hearing on appeal and admitted for the resulting purposes. In his supplementary brief the *Fiscal* states that he had not been able to find any case bearing directly on the question, but cites that of *Speckert* v. *City of Louisville,* 78 Ky. 287, which is cited in that of *Spears* v. *County of Modoc, supra,* wherein the question was decided impliedly in the affirmative. In the opinion it was said:

"During the pendency of the appeal, the ordinance under which the penalty was imposed was repealed, and the parties, by an agreement of record, have brought that fact to the knowledge of this court . . ."

In these cases there was no agreement, but, as we have said, a certified copy of the repealing ordinance was exhibited, the *Fiscal* admitted its validity and agreed not only that it be considered, but also that the causes be dismissed. His supplementary brief concludes as follows:

"To conclude, in the present case only the question of the constitutionality of the ordinance is argued, since the facts are admitted by both parties. This ordinance No. 13 is not in force at present, because it was repealed by a later ordinance of 1925. So that the decision of this court, which must be based on the constitutionality of the ordinance in question, would serve no practical purpose at this time, because the ordinance is not in force; and such being the case, the admission by this court of the ordinance presented by the appellants and the dismissal of the case, without entering into its merits, seems correct on the ground pointed out and in accordance with the jurisprudence cited."

However, we desire to say that the conclusion at which we have arrived by reason of the circumstances in these cases does not imply a definite decision that the method followed for proving the repeal of the ordinance is correct. The question remains open to be more fully considered in other cases.

For the foregoing reasons these causes are dismissed and the defendants discharged.