EL PUEBLO DE PUERTO RICO, demandante y apelado, v. GAR-
CÍA & RAHOLA, RAMÓN LÓPEZ RAMÍREZ, RAMÓN TEMBLEG,
CROSAS & COMPAÑÍA, BRUNO & VÁZQUEZ, JAIME GELABERT,
JUAN SIERRA, JR., THE P. R. THEATRICAL CORPN., R. LLO-
VERAS SOLER, FRANCISCO RODRÍGUEZ, y J. GELABERT & CO.,
acusados y apelantes.

Nos. 2177–81 y 2183–89.—*Vistos:* Enero 12, 1926. *Resueltos:* Febrero 3, 1926.

1. CORPORACIONES MUNICIPALES—PROCEDIMIENTOS DE LA ASAMBLEA U OTRO CUERPO
   QUE GOBIERNE—ORDENANZAS Y REGLAMENTOS EN GENERAL.—DEROGACIÓN DE
   ORDENANZAS—DEROGACIÓN SIN CLÁUSULA DE RESERVA—EN GENERAL.—El ar-
   tículo 44 del Código Político se aplica solamente a la derogación de leyes;
   no a la de ordenanzas municipales.
2. DERECHO PENAL—NATURALEZA Y ELEMENTOS DEL DELITO Y DEFENSAS EN GE-
   NERAL—DEROGACIÓN DE ESTATUTOS PENALES—EFECTO EN CUANTO A PROCESOS
   PENDIENTES—ORDENANZAS MUNICIPALES.—Si hallándose pendiente una ape-
   lación en causa seguida por infracción a una ordenanza municipal, ésta se
   deroga sin cláusula alguna de reserva, la causa debe ser sobreseída.

SENTENCIAS de *Charles E. Foote,* J. (San Juan, Distrito Primero),
condenando a los acusados por infracción a una ordenanza muni-
cipal. *Sobreseídas las causas y absueltos los acusados.*

*Guerra Mondragón & Soldevila,* abogados de los apelantes; *José E.
Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del
tribunal.

Todos estos casos se iniciaron con el fin de perseguir vio-
laciones a la Ordenanza No. 13 de mayo 23, 1921, del muni-
cipio de San Juan. Los acusados fueron declarados culpa-
bles y castigados de acuerdo con la cláusula penal contenida
en dicha ordenanza. Apelaron y levantaron interesantes
cuestiones relativas a la constitucionalidad de la ordenanza.

En espera de la decisión final de ciertos casos pendientes
en la Corte Suprema de los Estados Unidos, la acción de esta
Corte se pospuso. Entretanto la Ordenanza No. 13 fué de-
rogada, sin cláusula alguna de reserva, y los apelantes por
su abogado el 12 de enero último—día señalado para una
nueva vista ante el tribunal en pleno—solicitaron, basándose
en la derogación, el sobreseimiento de las causas y la abso-
lución de los acusados.

[1, 2] Ruling Case Law resume la jurisprudencia sobre la materia con la claridad acostumbrada. La parte necesaria de dicho resumen es como sigue:

"'Es con referencia a los estatutos que definen delitos y prescriben su castigo que las derogaciones actúan con la mayor libertad. En tales casos la extinción del estatuto se considera como indicación de que el poder soberano no desea por más tiempo que el anterior delito sea castigado o considerado como penal. Por tanto, cuando tal estatuto se deroga, es igual que si ninguno hubiera existido excepto en cuanto al objeto de los procedimientos previamente instituídos, seguidos y concluídos, y aun la alegación de culpabilidad antes de la derogación no autorizará a la corte para dictar sentencia. La regla general de que la derogación de un estatuto penal anula todos los procedimientos seguidos de acuerdo con el mismo, ha sido aplicada a ordenanzas y a leyes locales de opción.   *   *   *   Si se deroga un estatuto penal estando pendiente una apelación o recurso de error, y antes de la resolución final de la corte de apelación, impedirá la confirmación de una condena y el proceso debe ser sobreseído o la sentencia revocada. La derogación de una ordenanza municipal estando pendiente una apelación contra una sentencia condenatoria por virtud de la misma en una corte inferior, anula el procedimiento." 25 R.C.L. 941–42.

Uno de los casos citados en Ruling Case Law es el de *Ball* v. *Tolman,* 135 Cal. 375. En él se estudia ampliamente la cuestión y se establecen las necesarias distinciones, y a él pertenece el siguiente pasaje:

"El Sr. Sutherland, en su obra sobre Interpretación Estatutoria (sec. 166), expresa que el efecto de la derogación de un estatuto penal es impedir alguna acusación, juicio o sentencia por cualquier delito cometido contra el mismo mientras estaba en vigor, a menos que exista una cláusula de exención en la ley derogatoria, y que si un estatuto penal se deroga pendiente una apelación, y antes de la resolución final de la corte de apelación, impedirá la confirmación de la sentencia condenatoria y el proceso debe ser sobreseído o revocada la sentencia." 135 Cal. 379.

En el resumen del caso de *United States* v. *Tynen,* decidido por la Corte Suprema de los Estados Unidos en 1870, aparece la siguiente doctrina:

"Mediante la derogación de una ley sin reserva alguna de sus penalidades todos los procedimientos criminales establecidos de acuerdo con ella caducan.   No puede haber convicción legal ni sentencia válida después dé convicto el acusado a menos que la ley estableciendo el delito esté actualmente en vigor."   78 U. S. 88.

No hay, pues, duda alguna que la jurisprudencia favorece la contención de los apelantes, pero existe un precepto de ley vigente en Puerto Rico contrario a dicha jurisprudencia.   Nos referimos al artículo 44 del Código Político, Comp. Sec. 2707, que establece:

"La revocación de una ley creando un delito, no constituye impedimento para acusar o perseguir y castigar un hecho, ya cometido con infracción de la ley así revocada, a menos que no se declare expresamente en la ley derogatoria el propósito de impedir tal persecución o castigo."

Interpretando y aplicando preceptos de ley similares vigentes en California y Iowa, se ha resuelto lo que sigue:

"Bajo nuestro estatuto (Ley de mayo 1, 1853,) la derogación de una ley criminal no constituye un impedimento a la persecución y castigo de un delito cometido en violación de la misma a menos que tal intención sea expresamente declarada en la ley derogatoria." *People* v. *Quinn*, 18 Cal. 122.

"El artículo 4059 del Código de Iowa disponía que toda persona que tuviera determinado ganado de Texas sería responsable por cualesquiera daños que sobrevinieran por dejar a dicho ganado realengo, contagiando así a otro ganado con la 'fiebre de Texas.' Este estatuto fué derogado después de haberse cometido actos en violación del mismo que causaron daños al demandante.   Este reclama esos daños y el demandado alega que la derogación puso fin al derecho a recobrar bajo sus disposiciones, por ser el estatuto de naturaleza penal.   *Se resolvió*, bajo el artículo 45 del Código de Iowa, que dispone que 'La derogación de un estatuto no afectará ningún derecho adquirido, ningún deber impuesto, ninguna penalidad incurrida y ningún procedimiento comenzado de acuerdo con o por virtud del estatuto derogado,' que los derechos de las partes no fueron afectados por la derogación."   *Kemmish* v. *Ball et al.*, 30 Fed. 759.

Ahora bien, ¿es aplicable el precepto y la jurisprudencia

que acabamos de citar a casos de ordenanzas municipales?
El propio Fiscal de esta Corte Suprema en su alegato adicional cita un caso de California que resuelve la cuestión en la negativa, el de *Spears* v. *County of Modoc,* 101 Cal. 303 (35 P. 869). Tomamos del resumen lo que sigue:

"El artículo 329 del Código Político que dispone que 'la derogación de cualquier ley estableciendo un delito' no impide los procedimientos para el 'castigo de un acto ya cometido en violación de la ley así derogada' a menos que la intención de que constituye tal impedimento 'sea expresamente declarada en la ley derogatoria' es aplicable solamente a la derogación de una 'ley' y no comprende la derogación de una ordenanza municipal."

A nuestro juicio debemos aceptar y aplicar a estas causas el criterio de la Corte Suprema de California, basado en la regla de interpretación "tersamente expuesta por Bishop," como dice la misma corte en *People* v. *Tisdale,* 57 Cal. 104, 107, a saber:

"El significado de los estatutos penales no ha de llegar más allá que su lenguaje; ninguna persona puede quedar sujeta a ellos por inferencia; y todas las dudas que surjan en su interpretación deberán resolverse en favor del acusado."

Resta sólo considerar la cuestión de si esta corte puede partir como ha partido para su resolución de la base de la derogación de la ordenanza de que se trata. La ordenanza derogatoria fué presentada en el acto de la vista del recurso y admitida a los fines procedentes. En su alegato adicional el Fiscal expresa que no ha podido encontrar caso alguno que resuelva directamente la cuestión, pero cita el de *Speckert* v. *City of Louisville,* 78 Ky. 287, citado a su vez en el de *Spears* v. *County of Modoc, supra,* en el que implícitamente quedó resuelto en sentido afirmativo. En la opinión se dice: "Estando pendiente la apelación, la ordenanza bajo la cual se impuso la pena fué derogada, y las partes, por estipulación, presentaron tal hecho al conocimiento de la corte. . . . ."

Aquí no existió estipulación pero se presentó, como he-

mos dicho, copia certificada de la ordenanza derogatoria y
el Fiscal admitió su existencia y está conforme no sólo en
que se considere si que también en que las causas sean so-
breseídas.   Su alegato adicional termina así:

"Para concluir, en el presente caso se discute solamente la cues-
tión de la constitucionalidad de la ordenanza, ya que los hechos es-
tán aceptados por ambas partes.   Esta ordenanza número 13 no está
en vigor en la actualidad porque se encuentra derogada por otra
posterior de 1925.   De modo que la resolución de este Tribunal, que
tendría que basarse sobre la constitucionalidad de la ordenanza en
cuestión, carecería a la fecha de finalidad práctica porque la orde-
nanza no se encuentra en vigor; y siendo esto así nos parece acer-
tada, de acuerdo con la jurisprudencia antes citada, la admisión por
este Tribunal de la ordenanza presentada por el apelante y la deses-
timación (*dismissal*) del caso, sin entrar en los méritos del mismo,
por el fundamento que hemos apuntado anteriormente."

Deseamos, sin embargo, consignar que la conclusión a que
hemos llegado en razón a las circunstancias que concurren
en estos casos, no implica que quede resuelto de modo defi-
nitivo que el método seguido para probar la revocación de
la ordenanza, sea el correcto.   La cuestión queda abierta
para ser más ampliamente considerada en ulteriores casos.

Por virtud de todo lo expuesto, *deben sobreseerse estas
causas y absolverse a los acusados.*