EL PUEBLO DE PUERTO RICO, peticionario, *v.* ROBERTO O'NEILL ROMÁN Y JOSÉ DE LA ROSA SANTIAGO, recurridos.

*Número:* CC-2004-923          *Resuelto:* 5 de agosto de 2005

*Roberto J. Sánchez Ramos*, procurador general, abogado de la parte peticionaria; *Neftalí Santiago Rodríguez* y *Héctor A. Deliz Barrera*, abogados de la parte recurrida.

LA JUEZ ASOCIADA SEÑORA RODRÍGUEZ RODRÍGUEZ emitió la opinión del Tribunal.

Se nos solicita en este recurso que ordenemos el sobreseimiento de la causa criminal instada en contra de los recurridos, debido a que el delito por el cual fueron acusados quedó derogado al aprobarse el Código Penal de 2004. Se invoca para ello el segundo párrafo del Art. 308 del nuevo Código Penal, 33 L.P.R.A. sec. 4935, que trata sobre la aplicación temporal del Código Penal de 2004. Veamos.

## I

El 8 de octubre de 2004 el Procurador General presentó ante este Tribunal una petición de *certiorari* en el caso de epígrafe. En la petición se solicitó la revocación de una resolución emitida por el Tribunal de Apelaciones, mediante la

cual ese foro rehusó revisar una decisión del Tribunal de Primera Instancia que había desestimado las acusaciones presentadas contra los acusados de epígrafe. Ello por haberse infringido el término de juicio rápido contenido en la Regla 64(n)(4) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Los recurridos habían sido acusados de violación al Art. 165(a) del Código Penal de 1976 (33 L.P.R.A. sec. 4271a), que tipificaba el delito de apropiación ilegal de propiedad intelectual. Expedimos el auto.

Expedido el auto, tanto el Procurador General como los imputados presentaron sus respectivos alegatos, quedando así el caso sometido para su adjudicación. Así las cosas, el 5 de mayo de 2005 los acusados comparecieron ante este Tribunal y, mediante una moción informativa, solicitaron la desestimación del recurso instado y el sobreseimiento de la acción penal, porque al entrar en vigor el nuevo Código Penal quedó suprimido el delito imputado. Basaron su reclamo en lo dispuesto en el Art. 308 del Código Penal de 2004, ante, donde se dispone, en lo pertinente, que de suprimirse en el nuevo Código Penal cualquier delito tipificado bajo el anterior Código, debía sobreseerse cualquier acción en trámite relacionada con el delito suprimido. Le concedimos un término al Procurador General para que se expresara sobre la solicitud de la parte recurrida y éste compareció dentro del término concedido. Estando en posición de resolver, pasamos a hacerlo.

## II

En marzo de 2001, el Senado de Puerto Rico inició un proceso de reforma del Código Penal, retomando un esfuerzo que se había iniciado en 1992 mediante la aprobación, en aquel entonces, del P. del S. 1229. A esos efectos, se aprobó la R. del S. 2302, que ordenó a la Comisión de lo Jurídico del Senado llevar a cabo una revisión a fondo del Código Penal de Puerto Rico. Posteriormente, se presentó

en el Senado el P. del S. 2302 con el propósito de promulgar un nuevo Código Penal para Puerto Rico.

En el Título II del proyecto presentado se enumeran los delitos contra la propiedad. En su Primer Capítulo, específicamente, se incluyeron los delitos contra los bienes y derechos patrimoniales. La segunda sección de ese capítulo versaba sobre los delitos relacionados con la propiedad intelectual. Así, el Art. 194 propuesto tipificaba el delito de apropiación ilegal de la propiedad intelectual; el Art. 195 se refería a la alteración de datos que identifican obras artísticas, científicas o literarias, y el Art. 196 se refería a la violación de los mecanismos de protección de derechos patrimoniales.

El propuesto Art. 194 del P. del S. 2302 era *esencialmente idéntico* al Art. 165(A) del Código Penal de 1976, que tipificaba el delito de apropiación ilegal de propiedad intelectual. Ahora bien, como resultado del proceso de vistas públicas y consultas que efectuó la Comisión de lo Jurídico para la aprobación del nuevo Código Penal, la Comisión de lo Jurídico recomendó que se eliminaran los delitos relacionados con la propiedad intelectual. Así, en el Informe de la Comisión de lo Jurídico del Senado sobre el P. del S. 2302 de 22 de junio de 2003, pág. 54, se indicó lo siguiente sobre este asunto:

> Esta Comisión recomienda suprimir la sección dedicada a la propiedad intelectual y renumerar los artículos siguientes. Luego de un análisis y asesoramiento del Dr. Pedro Salazar, se concluyó que, en cuanto a lo dispuesto en los propuestos Artículos 194 y 196 del P. del S. 2302, la legislación federal ocupó el campo.

Como resultado de lo anterior, los Arts. 194 a 196 del P. del S. 2302 fueron suprimidos al aprobarse el proyecto. Es claro, entonces, que la intención del legislador respecto al delito de apropiación ilegal de propiedad intelectual fue suprimirlo —como en efecto se hizo— porque entendió que la legislación federal ocupaba el campo sobre este asunto.

Por otro lado, el Art. 308 del Código Penal de 2004, ante,

sobre la aplicación del Código en el tiempo, dispone, en lo pertinente, lo siguiente:

> *Si este Código suprime algún delito* no deberá iniciarse el encausamiento, *las acciones en trámite deberán sobreseerse,* y las sentencias condenatorias deberán declararse nulas y liberar a la persona. (Énfasis nuestro.)

El Art. 44 del Código Político, 2 L.P.R.A. sec. 252, dispone también lo siguiente:

> La revocación de una ley creando un delito, no constituye impedimento para acusar o perseguir y castigar un hecho ya cometido con infracción de la ley así revocada, *a menos que no se declare expresamente en la ley derogatoria el propósito de impedir tal persecución o castigo.* (Énfasis nuestro.)

■■■ Reiteradamente hemos indicado que cuando el texto de la ley es claro, debemos atenernos a éste. *Alonso García v. S.L.G.,* 155 D.P.R. 91 (2001); *Lasalle v. Junta Dir. A.C.A.A.,* 140 D.P.R. 694 (1996); *Silva v. Adm. Sistemas de Retiro,* 128 D.P.R. 256 (1991). No hay duda que el mandato legislativo contenido en el segundo párrafo del Art. 308, ante, se refiere a que todo proceso en curso por un delito que fue suprimido en el Código Penal de 2004 deberá sobreseerse. Véase *Pueblo v. García & Rahola,* 35 D.P.R. 17 (1926); W.R. LaFave, *Substantive Criminal Law,* 2da ed., West Group, 2003, Vol. 1, Sec. 2.5, págs. 168–173. Tampoco hay duda de que el delito de apropiación ilegal de propiedad intelectual —por el cual fueron acusados los recurridos— quedó derogado con la aprobación del Código Penal de 2004. Procede entonces, por claro mandato legislativo, sobreseer la acción que pende contra los recurridos.

## III

Por los fundamentos que anteceden, *se dicta sentencia desestimando el recurso de "certiorari" presentado por el Procurador General y se ordena el sobreseimiento de la causa penal pendiente contra los recurridos, Roberto O' Neill Román y José de la Rosa Santiago.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Rivera Pérez disintió sin opinión escrita. La Jueza Asociada Señora Fiol Matta se inhibió.