EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Roberto O´Neill Román y José de la Rosa Santiago<br><br>Recurridos | Certiorari<br><br>2005 TSPR 109<br><br>165 DPR _____ |
| --- | --- |

Número del Caso: CC-2004-923

Fecha: 5 de agosto de 2005

Tribunal de Apelaciones:

>   Regional Judicial de San Juan

Juez Ponente:

>   Hon. Gilberto Gierbolini

Oficina del Procurador General:

>   Lcda. Sariely Rosado Fernández
>   Procuradora General Auxiliar

Abogados de la Parte Recurrida:

>   Lcdo. Neftalí Santiago Rodríguez
>   Lcdo. Héctor A. Deliz Barrera

Materia: Infr. Art. 165 (A)(a) Código Penal

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

       v.                          CC-2004-923

Roberto O'Neill Román y
José de la Rosa Santiago

    Recurridos

Opinión del Tribunal emitida por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 5 de agosto de 2005

Se nos solicita en este recurso que ordenemos el sobreseimiento de la causa criminal instada en contra de los recurridos en virtud del hecho que el delito por el cual fueron acusados quedó derogado al aprobarse el Código Penal de 2004. Se invoca para ello el segundo párrafo del Art. 308 del nuevo Código Penal que trata sobre la aplicación temporal del Código Penal de 2004. Veamos.

I

El 8 de octubre de 2004, el Procurador General presentó ante este Tribunal una petición de certiorari en el caso de epígrafe. En la petición, se solicitó la revocación de una resolución

emitida por el Tribunal de Apelaciones mediante la cual ese foro rehusó revisar una decisión del Tribunal de Primera Instancia, desestimando las acusaciones presentadas contra los acusados de epígrafe. Ello, por haberse infringido el término de juicio rápido contemplado en la Regla 64 (n)(4) de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 64. Los recurridos habían sido acusados de, alegadamente, violación al Art. 165(a) del Código Penal del 1976, que tipificaba el delito de apropiación ilegal de propiedad intelectual. Expedimos el auto.

Expedido el auto, tanto el Procurador General como los imputados presentaron sus respectivos alegatos, quedando así el caso sometido para su adjudicación. Así las cosas, el 5 de mayo de 2005, los acusados comparecieron ante este Tribunal y mediante una moción informativa solicitaron la desestimación del recuso instado y el sobreseimiento de la acción penal, porque al entrar en vigor el nuevo Código Penal quedó suprimido el delito imputado. Basaron su reclamo en lo dispuesto en el Art. 308 del Código Penal de 2004 donde se dispone, en lo pertinente, que de suprimirse en el nuevo Código Penal cualquier delito tipificado bajo el anterior Código debía sobreseerse cualquier acción en trámite relacionada con el delito suprimido. Le concedimos un término al Procurador General para que se expresara sobre la solicitud de la parte recurrida y éste compareció dentro del término concedido. Estando en posición de resolver pasamos así a hacerlo.

II

En marzo del año 2001, el Senado de Puerto Rico inició un proceso de reforma del Código Penal, retomando un esfuerzo que se había iniciado en el 1992 mediante la aprobación en aquel entonces del Proyecto del Senado 1229. A esos efectos, se aprobó la R. del S. 2302 que ordenó a la Comisión de lo Jurídico del Senado llevar a cabo una revisión a fondo del Código Penal de Puerto Rico. Posteriormente, se radicó en el Senado el P. del S. 2302 con el propósito de promulgar un nuevo código penal para Puerto Rico.

En el Título II del proyecto presentado se enumeran los delitos contra la propiedad. En su Primer Capítulo, específicamente, se incluyeron los delitos contra los bienes y derechos patrimoniales. La segunda sección de ese capítulo versaba sobre los delitos relacionados con la propiedad intelectual. Así, el Art. 194 propuesto tipificaba el delito de apropiación ilegal de la propiedad intelectual; el Art. 195 se refería a la alteración de datos que identifican obras artísticas, científicas o literarias y, el Art. 196, se refería a la violación de los mecanismos de protección de derechos patrimoniales.

El propuesto Art. 194 del P. del S. 2303, era **esencialmente idéntico** al Art. 165(A) del Código Penal de 1976 que tipificaba el delito de apropiación ilegal de propiedad intelectual. Ahora bien, como resultado del proceso de vistas públicas y consultas que efectuó la Comisión de lo Jurídico

para la aprobación del nuevo Código Penal, la Comisión de lo
Jurídico recomendó se eliminaran los delitos relacionados con
la propiedad intelectual. Así, en el Informe de la Comisión de
lo Jurídico del Senado, pág. 54, se indicó lo siguiente sobre
este asunto:

> Esta Comisión recomienda suprimir la sección dedicada
> a la propiedad intelectual y renumerar los artículos
> siguientes. Luego de un análisis y asesoramiento del
> Dr. Pedro Salazar, se concluyó que, en cuanto a lo
> dispuesto en los propuestos Artículos 194 y 196 del
> P. del S. 2302, la legislación federal ocupó el
> campo.

Como resultado de lo anterior, los Artículos 194 a 196 del
P. del S. 2302 fueron suprimidos al aprobarse el proyecto. Es
claro entonces, que la intención del legislador respecto al
delito de apropiación ilegal de propiedad intelectual fue
suprimir el mismo --como en efecto se hizo--, porque entendió
que la legislación federal ocupaba el campo sobre este asunto.

Por otro lado, el Art. 308 del Código Penal de 2004, sobre
la aplicación del Código en el tiempo, dispone lo siguiente en
lo pertinente:

> **Si este Código suprime algún delito** no deberá
> iniciarse el encausamiento, **las acciones en trámite
> deberán sobreseerse**, y las sentencias condenatorias
> deberán declararse nulas y liberar a la persona.
> (Énfasis nuestro.)

El Art. 44 del Código Político, 2 L.P.R.A. sec. 252,
dispone también lo siguiente:

> La revocación de una ley creando un delito, no
> constituye impedimento para acusar o perseguir y
> castigar un hecho ya cometido con infracción de la
> ley así revocada, **a menos que no se declare
> expresamente en la ley derogatoria el propósito de**

**impedir tal persecución o castigo.** (Énfasis nuestro.)

Reiteradamente hemos indicado que cuando el texto de la ley es claro, debemos atenernos al mismo. *Alonso García* v. *Ramírez Acosta*, res. 16 de septiembre de 2001, 2001 T.S.P.R. 126; L*asalle* v. *Junta Directiva A.C.C.A.*, 140 D.P.R. 694 (1994); *Silva* v. *Administración de los Sistemas de Retiro, 128 D.P.R. 256 (1991).* No hay duda que el mandato legislativo contenido en el segundo párrafo del Art. 308, es a los efectos que todo proceso en curso por un delito que fue suprimido en el Código Penal de 2004 deberá sobreseerse. Véase, *Pueblo v. García & Rahola*, 35 D.P.R. 17 (1926). Véase además, W. LaFave, *Substantive Criminal Law*, West Group, 2da ed., 2003, vol. 1, sec 2.5. Como no hay duda tampoco que el delito de apropiación ilegal de propiedad intelectual --por el cual fueron acusados los recurridos—- quedó derogado con la aprobación del Código Penal de 2004. Procede entonces, por claro mandato legislativo, sobreseer la acción que pende contra los recurridos.

III

Por los fundamentos que anteceden, se dicta sentencia desestimando el recurso de certiorari presentado por el Procurador General y se ordena el sobreseimiento de la causa penal pendiente contra los recurridos, Roberto O´Neill Román y José de la Rosa Santiago.

Se dictará sentencia de conformidad.


Anabelle Rodríguez Rodríguez
Juez Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

       v.                     CC-2004-923

Roberto O'Neill Román y
José de la Rosa Santiago

    Recurridos

SENTENCIA

San Juan, Puerto Rico, a 5 de agosto de 2005

      Por los fundamentos expuestos en la Opinión que antecede, los cuales se incorporan íntegramente a la presente, se dicta sentencia desestimando el recurso de certiorari presentado por el Procurador General y se ordena el sobreseimiento de la causa penal pendiente contra los recurridos, Roberto O'Neill y José de la Rosa Santiago.

      Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.  El Juez Asociado señor Rivera Pérez disiente sin Opinión escrita. La Jueza Asociada señora Fiol Matta inhibida.

                        Aida Ileana Oquendo Graulau
                      Secretaria del Tribunal Supremo