[No. 18204.   Department One.—February 9, 1894.]

## J. J. SPEARS, APPELLANT, *v.* COUNTY OF MODOC ET AL., RESPONDENTS.

MUNICIPAL ORDINANCE—FINE FOR VIOLATION—REPEAL OF ORDINANCE
PENDING APPEAL—AFFIRMANCE—REMISSION OF FINE—EXECUTION—
INJUNCTION.—Where a fine was imposed upon a person accused of vio-
lating a municipal ordinance, and pending an appeal from the judgment
to the superior court the municipal ordinance was repealed, such re-
peal operates as a remission of the penalty for the offense and of the
fine imposed for its violation, and such fine cannot be enforced by exe-
cution, notwithstanding an affirmance of the judgment by the superior
court after the repeal of the ordinance; and such enforcement will be
restrained by injunction.

ID.—REPEAL OF PENAL STATUTE—JURISDICTION.—The repeal of a penal
statute without a saving clause has the effect to deprive the court in
which a prosecution under the statute is pending of all power to pro-
ceed further in the matter.

ID.—CRIMINAL LAW—APPEAL—STAY OF PROCEEDINGS.—By an appeal to
the superior court in a criminal case, the enforcement of the judgment
appealed from is stayed until after the determination of the appeal; and
until its determination the proceeding is a pending action in which the
rights of neither party have been conclusively determined.

ID.—REPEAL OF ORDINANCE—RESERVATION OF EXISTING OFFENSES—CON-
STRUCTION OF CODE.—Section 329 of the Political Code, providing that
"the repeal of any law creating a criminal offense" does not bar pro-
ceedings for the "punishment of an act already committed in violation
of the law so repealed," unless the intention to bar such proceedings
"is expressly declared in the repealing act," is limited in its applica-
tion to the repeal of a "law," and does not extend to the repeal of a
municipal ordinance.

APPEAL from a judgment of the Superior Court of
Modoc County.

The facts are stated in the opinion of the court.

*Goodwin & Goodwin,* for Appellant.

*D. W. Jenks, E. E. Copeland, Spencer & Raker, and C.
E. Raker,* for Respondents.

HARRISON, J.—The plaintiff was convicted in a justice's court, January 27, 1890, of violating an ordinance of the county of Modoc, forbidding the keeping of a saloon where spirituous liquors were sold, and on the same day judgment was entered against him, by which he was sentenced to "pay a fine of five hundred dollars, and, in default of payment thereof, be imprisoned in the county jail of said county of Modoc for the period of one day for each dollar of said fine, or until such fine be satisfied." From this judgment he appealed to the superior court. On the 19th of February, 1891, that court affirmed the judgment of the justice's court. Before the hearing of the appeal the ordinance under which the conviction was had was repealed, the repeal taking effect January 24, 1891. June 3, 1891, an execution upon this judgment was issued out of the justice's court, under which the sheriff levied upon certain property of the plaintiff herein, and was proceeding to sell the same when this action was brought to restrain the enforcement of the execution. A demurrer to the complaint was sustained by the court, and from the judgment entered thereon the plaintiff has appealed.

By the appeal to the superior court the enforcement of the judgment appealed from was stayed until after the determination of the appeal. (Pen. Code, sec. 1470.) As no undertaking on appeal was required, the appeal itself operated as a *supersedeas.* (*McGarrahan* v. *Maxwell*, 28 Cal. 91.) The effect of the appeal was therefore to preserve the rights of the parties in the same condition as they were prior to the entry of the judgment (*Dulin* v. *Pacific Wood & Coal Co.*, 98 Cal. 304); and until the determination of the appeal the proceeding was a pending action in which the rights of neither party had been conclusively determined. In *People* v. *Frisbie*, 26 Cal. 135, an appeal had been taken from a judgment for delinquent taxes, rendered in favor of the plaintiff, and the judgment of the district court was affirmed. Pending the appeal, and before decision thereon, the legislature passed an act authorizing an

additional defense to be interposed by the defendant in pending suits, and it was held that the appeal had suspended the operation of the judgment so that the action was still pending and that the plaintiff did not have a vested right to the judgment, but that its rights were limited to its cause of action.   (See also *People* v. *Treadwell*, 66 Cal. 400.) .

In *Kay* v. *Goodwin*, 6 Bing. 576, 4 Moore & P. 341, it was said by Tindal, C. J., that the effect of repealing a statute is "to obliterate it as completely from the records of the parliament as if it had never passed; and it must be considered as a law that never existed, except for the purpose of those actions which were commenced, prosecuted, and concluded whilst it was an existing law." This principle has been applied more frequently to penal statutes, and it may be regarded as an established rule that the repeal of a penal statute without any saving clause has the effect to deprive the court in which any prosecution under the statute is pending of all power to proceed further in the matter.   "The repeal of a statute puts an end to all prosecutions under the statute repealed, and to all proceedings growing out of it pending at the time of the repeal."   (Sedgwick's Statutory and Constitutional Law, 130. See also Endlich on Interpretation of Statutes, sec. 479.)   "If a penal statute is repealed pending an appeal, and before the final action of the appellate court, it will prevent an affirmance of a conviction, and the prosecution must be dismissed, or judgment reversed."   (Sutherland on Statutory Construction, sec. 166.)   The proceeding is arrested at the very point where it is at the date of the repeal; if before indictment no indictment can be found; if after indictment, and before trial, no conviction can be had; if after conviction and before judgment, no judgment can be rendered.   If the judgment is appealed from, and its enforcement is suspended until the determination of the appeal, the power to enforce the judgment falls with the repeal of the statute, and the appellate court will direct a dismissal of the proceedings.   Until the determina-

tion of the appeal, the proceeding is pending in court, and the judgment does not become final until affirmed by the appellate court. If, during the interim, the legislature repeals the statute under which the prosecution is had it operates as a discharge of the defendant. "The repeal of the law imposing the penalty is of itself a remission." (Per Taney, C. J., *State* v. *R. R. Co.*, 3 How. 552.)

In *Speckert* v. *City of Louisville*, 78 Ky. 287, an appeal had been taken from a judgment against the defendants. for violating a city ordinance. Pending the appeal, the ordinance under which the penalty was imposed was repealed, and upon that fact being brought to the knowledge of the court, the judgment was for that reason reversed, with directions to dismiss the proceeding, the court saying: "The effect of the appeal was to suspend the judgment, and while the judgment below is regarded as final for the purposes of an appeal, its execution cannot be enforced until the appeal is disposed of. It is well settled that no judgment can be rendered in an action to enforce a penalty when the statute under which the proceeding is had has been repealed. When such a statute is repealed, it ends all the litigation under it, and if the judgment is not final, that is, if the action seeking to recover the penalty, is not finally disposed of, (the right to the penalty depending upon the affirmance or reversal of the judgment), and the repeal is brought to the knowledge of the court, it must necessarily result in a dismissal of the action." The same doctrine is maintained in. *Tuton* v. *State*, 4 Tex. App. 472; *Munroe* v. *State*, 8 Tex. App. 343.

The judgment rendered in the justice's court was the infliction of a penalty for the violation of a municipal ordinance, and not the determination of any rights of the parties arising out of contract or obligation; and the attempt to take the property of the plaintiff, under an execution issued on that judgment, is only the enforcement of the penalty which the county by its repeal of the ordinance has remitted. The county has no greater

right to enforce the penalty in this manner than it would have to arrest and confine the appellant under a warrant issued upon the same judgment.

Section 329 of the Political Code is limited in its application to the repeal of a "law," and does not extend to the repeal of a municipal ordinance. (See *People* v. *Tisdale*, 57 Cal. 104.)

The judgment is reversed.

PATERSON, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.