[Crim. No. 2557. In Bank.—April 11, 1923.]

In the Matter of the Application of ARTHUR MINGO for a Writ of Habeas Corpus.

[1] CONSTITUTIONAL LAW—PUNISHMENT FOR SAME OFFENSE—COUNTY ORDINANCE AND STATE LAW—CONFLICT—EFFECT OF.—A county ordinance punishing exactly the same act denounced by a state law is in conflict therewith and therefore, to that extent, void.

190 Cal.—49

[2] Intoxicating Liquors—County Ordinance—Punishment Greater Than Prescribed by Wright Act—Invalidity of Ordinance.— The enactment of the provisions of the Volstead Act by reference in the Wright Act, making it a general law of the state within the meaning of section 11 of article XI of the constitution, which provides that police power is thereby delegated to counties to enact such regulations as are not in conflict with general law, thereby deprived the portions of a county ordinance fixing a greater penalty for the offense of possessing intoxicating liquor of all validity, because in conflict with such state statute.

[3] Id.—Pleading—Sufficiency of Complaint.—The mere fact that a complaint alleges a violation of a county ordinance because of unlawful possession of intoxicating liquor instead of the state law does not render a judgment void in so far as the facts alleged and proved show a violation of the state law.

[4] Id.—Section 4 of Wright Act—Construction of.—Section 4 of the Wright Act, which provides, "Nothing in this act shall be construed as limiting the power of any city or county, or city and county, to prohibit the manufacture, sale, transportation or possession of intoxicating liquors for beverage purposes; and all fines and forfeitures collected under any ordinance now or hereafter enacted in the exercise of such power shall be paid into the treasury of the city or county, or city and county, whose ordinance is violated," does not purport to grant counties any power which they did not already possess.

[5] Constitutional Law—Conflict in State Law and Ordinance— Power of Legislature.—When the state law and a county ordinance are in conflict the situation is not changed by the legislative declaration that the act shall be construed as though there was no conflict.

[6] Id.—Section 11 of Article XI, Constitution—Construction of. Section 11 of article XI of the constitution is not only a delegation 'of power by the people of the state to the local body but it is also a limitation upon the power of the local body and also upon the power of the state legislature.

PROCEEDING on Habeas Corpus to secure release from custody after conviction for violation of county ordinance prohibiting possession of intoxicating liquor. Petitioner discharged.

Briggs & Sorensen for Petitioner.

William R. McKay for Respondent.

WILBUR, C. J.—Defendant was convicted of having intoxicating liquor in his possession and sentenced to pay a

fine of five hundred dollars and to be imprisoned ninety days in jail. The Volstead Act and the Wright Act make the first offense punishable by fine only. An ordinance of Kings County, adopted January 5, 1922, prescribes as the maximum for such offense a fine of five hundred dollars and imprisonment for not more than ninety days. The complaint charged a violation of this ordinance. The question presented is whether the ordinance fixing a greater punishment than is prescribed by the state law for the offense of possessing intoxicating liquor is valid. The question is not a new one in this state. The county ordinance derives its authority from the power delegated to counties by article XI, section 11, of the constitution, which provides that police power is thereby delegated to enact such regulations as are not in conflict with general law. [1] A county ordinance punishing exactly the same act denounced by a state law is in conflict therewith and therefore, to that extent, void. (*In re Sic*, 73 Cal. 142 [14 Pac. 405]; *Ex parte Stephen*, 114 Cal. 278 [46 Pac. 86]; *Ex parte Daniels*, 183 Cal. 636 [21 A. L. R. 1172, 192 Pac. 442].)

Before the adoption of the Wright Act by referendum at the last general election (November, 1922) such ordinances were valid and enforceable notwithstanding the concurrent power vested in Congress by the federal constitution and the passage by Congress of the Volstead Act. (*In re Polizzotto*, 188 Cal. 410 [205 Pac. 676].) [2] But the enactment of the provisions of the Volstead Act by reference in the Wright Act, making it a general law of the state within the meaning of our state constitution (art. XI, sec. 11), thereby deprived the portions of the ordinance fixing a different penalty of all validity, because in conflict with such state statute (*In re Sic, supra; Ex parte Stephen, supra*).

[3] The mere fact that the complaint alleged a violation of the county ordinance instead of the state law would not render the judgment void in so far as the facts alleged and proved showed a violation of the state law (*Ex parte Murphy*, 190 Cal. 286 [212 Pac. 30]; *Matter of Von Perhacs*, 190 Cal. 364 [212 Pac. 689]; *Ex parte Stephen, supra*), but in the case at bar the sentence of imprisonment was not authorized by the state law.

The respondent contends that section 4 of the Wright Act recognizes and establishes the validity of the county ordi-

nance and that, therefore, the rule hereinbefore stated does not apply. That section is as follows: "Nothing in this act shall be construed as limiting the power of any city or county, or city and county, to prohibit the manufacture, sale, transportation or possession of intoxicating liquors for beverage purposes; and all fines and forfeitures collected under any ordinance now or hereafter enacted in the exercise of such power shall be paid into the treasury of the city or county, or city and county, whose ordinance is violated." (Stats. 1921, p. 79.)

The authority to enact prohibitory ordinances is derived by the board of supervisors from the constitution (art. XI, sec. 11), and there is no attempt in the delegation of powers to county boards of supervisors in the Political Code to enlarge upon the powers granted by the constitution. These powers will be found in section 4041, subdivision 31, of the Political Code, which reads as follows: "To make and enforce, within the limits of their county, all such local police, sanitary and other regulations as are not in conflict with general laws."

[4] Section 4 of the Wright Act does not purport to grant counties any power which they did not already possess, and we are, therefore, not confronted with the questions which would arise if there was such a specific grant. It is true that this construction of the law results in the conclusion that the punishment of a given offense in a given manner prevents the county from prescribing the same or a greater punishment for the same offense declared in the state law. This situation, however, does not result from the construction of any particular phraseology used in the Wright Act. It inheres in the nature of the situation. The constitutional and statutory power of the board of supervisors is limited to the enactment of such police regulations as are not inconsistent with the general law. [5] When the state law and the county ordinance are in conflict the situation is not changed by the legislative declaration that the act shall be construed as though there was no conflict.

In *Ex parte Daniels, supra,* we held that the legislature could not create a conflict between a state law and local ordinance by the mere declaration in the statute that the local legislative bodies were prohibited from enacting any rules and regulations of traffic limiting the speed of automobiles,

for the reason that the local bodies derived their authority from the constitution, and the only way the legislature could inhibit such legislation was by themselves occupying the same legislative field so completely that legislation on the subject by local legislative bodies would necessarily be inconsistent with the general rules laid down in the Motor Vehicle Act. It is true that there is a distinction between the situation dealt with in *Ex parte Daniels, supra,* and the situation now under consideration. There the legislature attempted to prohibit local legislative bodies from exercising their powers derived from the constitution; here the effort on the part of the legislature is to allow legislation to stand which is authorized neither by the constitution nor in any statutory grant of power. If we assume, as is contended, that it was the intention of the legislature in adopting the Wright Act to allow all local ordinances upon the subject to stand unaffected by the new legislation we are met by the fact that an ordinance of the city punishing exactly the same offense as is punishable under the state law and with a greater penalty is void (*In re Sic, supra*), because under the constitution of the state the municipality cannot enact police regulations inconsistent with general law. **[6]** This provision of the constitution (art. XI, sec. 11) has been held to be not only a delegation of power by the people of the state to the local body but it has also been held to be a limitation upon the power of the local body and also upon th power of the state legislature. In *In re Sic, supra,* it was said: ''The last clause of this section must be held to be a limitation upon the power of municipalities, *whether that power is derived under this provision of the constitution or from the charter.* If, as is held both by Bishop and Dillon to be the effect of authorities, a municipality can only pass ordinances punishing the same acts which are punishable under general laws, when expressly authorized to do so, and that no authority to pass such laws will be presumed from grants of power general in their character, it must be because that such ordinances may supersede the general law upon the subject. Here there is not only no such authority, but if such ordinances are conflicting, there cannot be such authority.'' (Italics ours.)

''It would seem that an ordinance must be conflicting with the general law which may operate to prevent a prosecution

of the offense under the general law. The constitution provides that no one shall be twice put in jeopardy for the same offense. If tried and convicted or acquitted under the ordinance, he could not be again tried for the same offense under the general law. The contrary doctrine has been held in some states, but this conclusion seems more in consonance with reason and justice. Some of these decisions apply to acts which are said to be of a dual nature, and offend at once against the general law and police regulations, which are not directed specifically at the offense denounced in the general law."

The conclusion arrived at in *In re Sic, supra,* precludes the delegation of any authority by the state legislature to a county board of supervisors to enact police regulations which conflict with state legislation on that subject. There are other decisions in other states to the contrary (note, 1 L. R. A. (N. S.) 382 et seq.), but this interpretation of our constitution has been adhered to in this state.

Petitioner discharged.

Myers, J., Lawlor, J., Lennon, J., Waste, J., Kerrigan, J., and Seawell, J., concurred.