[Crim. No. 701.    Third Appellate District.—September 12, 1923.]

## THE PEOPLE, Respondent, v. GIACOMO DE FERRARI, Appellant.

[1] INTOXICATING LIQUORS—WRIGHT ACT—COUNTY ORDINANCE SUPERSEDED BY—TERMINATION OF PROSECUTIONS.—The provisions of a county ordinance in language identical with the Volstead Act under which a person was charged by information for the unlawful sale of intoxicating liquor were superseded by the Wright Act, which adopted the penal provisions of the Volstead Act; and such provisions became as effective as if they had been repealed for the prosecution of such person thereunder where the Wright Act went into effect after the filing of said information and prior to the trial.

[2] STATUTORY CONSTRUCTION—PENAL STATUTES—REPEAL.—The repeal of a penal statute without a saving clause or statute puts an end to all prosecutions thereunder.

1.   Federal constitutional or legislative provisions as to intoxicating liquors as affecting state legislation, notes, 10 A. L. R. 1587; 11 A. L. R. 1320; 26 A. L. R. 661.

[3] ID.—SECTION 329, POLITICAL CODE—CONSTRUCTION.—Section 329 of the Political Code, which provides that "The repeal of any law creating a criminal offense does not constitute a bar to the indictment or information and punishment of an act already committed in violation of the law so repealed, unless the intention to bar such indictment or information and punishment is expressly declared in the repealing act," is limited in its application to the repeal of a "law," and does not extend to the repeal of a municipal ordinance.

APPEAL from a judgment of the Superior Court of Tuolumne County and from an order denying a new trial. J. T. B. Warne, Judge. Reversed.

The facts are stated in the opinion of the court.

L. J. Schino, Frank E. Murphy, C. H. Grayson, and J. O. Stemler for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendant was convicted of the offense of selling intoxicating liquor contrary to the provisions of an ordinance of Tuolumne County adopted March 15, 1921. This appeal is from the judgment of conviction and the order denying defendant's motion for a new trial.

The offense is alleged to have been committed on or about the fifteenth day of September, 1922. The information was filed November 10, 1922. The trial was commenced March 13, 1923. After the filing of the information and prior to the trial the Wright Act (Stats. 1921, p. 79), adopting the penal provisions of the Volstead Act (41 Stats. 305) went into effect. Section 2 of the ordinance defining the crime of which defendant was convicted is in the identical language of section 3 of the Volstead Act in so far as material to this case.

"A county ordinance punishing exactly the same act denounced by a state law is in conflict therewith and therefore, to that extent, void." (*In re Mingo,* 190 Cal. 769 [214 Pac. 850], and cases therein cited.) It is clear that section 2 of the ordinance has been superseded by the state law. Had the Wright Act become effective prior to the commission of the offense, the prosecution of the defendant might be treated as having been conducted under

the provisions of that act, notwithstanding the alleged violation of the county ordinance. (*In re Mingo, supra.*) It is plain, however, that no prosecution can be had under that law for an act therein denounced which was committed prior to the adoption of the law.

[1] Those provisions of the ordinance which are in conflict with the state law are as ineffective as if they had been repealed. [2] The repeal of a penal statute without a saving clause or statute puts an end to all prosecutions thereunder.

"The proceeding is arrested at the very point where it is at the date of the repeal; if before indictment no indictment can be found; if after indictment, and before trial, no conviction can be had; if after conviction and before judgment, no judgment can be rendered. If the judgment is appealed from, and its enforcement is suspended until the determination of the appeal, the power to enforce the judgment falls with the repeal of the statute, and the appellate court will direct a dismissal of the proceedings." (*Spears v. County of Modoc,* 101 Cal. 303, 305 [35 Pac. 869, 870].)

Section 329 of the Political Code provides: "The repeal of any law creating a criminal offense does not constitute a bar to the indictment or information and punishment of an act already committed in violation of the law so repealed, unless the intention to bar such indictment or information and punishment is expressly declared in the repealing act."

[3] This section "is limited in its application to the repeal of a 'law,' and does not extend to the repeal of a municipal ordinance." (*Spears v. County of Modoc, supra.*) The instant case is very similar, both in the facts and the questions of law involved, to that of *Pleasant Grove City v. Lindsay,* 41 Utah, 154 [125 Pac. 389], where the judgment of conviction therein was reversed.

The judgment and order are reversed and the trial court is directed to dismiss the action.

Hart, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 10, 1923.

Waste, J., and Myers, J., dissented.