[Crim. No. 3207.  Second Appellate District, Division One.—April 6, 1939.]

In the Matter of the Application of JOSEPH E. SHAW et al., for a Writ of Habeas Corpus.

Richard H. Cantillon and Roland G. Swaffield for Petitioners.

THE COURT.—This is a petition for writ of *habeas corpus* on behalf of the two applicants, who were convicted of a violation of the provisions of section 113 of the Penal Code of this state.　This petition is based upon the claim that the freeholders' charter of the city of Los Angeles has super-

seded such section 113 of the Penal Code, in that section 118 of article IX of said charter (Stats. 1925, p. 1068) provides as follows:

"Any officer or other person who shall wilfully or corruptly, by himself or in co-operation with one or more other persons, defeat, deceive or obstruct any person in respect to his or her right of examination, or corruptly or falsely mark, grade, estimate, or report upon the examination or proper standing of any person examined hereunder, or aid in so doing, or wilfully or corruptly furnish to any person any special or secret information for the purpose of either improving or injuring the prospects or chances of any person so examined or to be examined, of being employed, appointed or promoted, shall be guilty of a misdemeanor and punishable therefor."

However, section 6, of article XI of the Constitution, as amended November 3, 1914, provides, among other things, as follows: "Cities and towns hereafter organized under charters framed and adopted by authority of this Constitution are hereby empowered, and cities and towns heretofore organized by authority of this Constitution may amend their charters in the manner authorized by this Constitution so as to become likewise empowered hereunder, *to make and enforce all laws and regulations in respect to municipal affairs, subject only to the restrictions and limitations provided in their several charters, and in respect to other matters they shall be subject to and controlled by general laws.*" (Emphasis added.)

Section 8, of article XI of the Constitution, as amended November 3, 1936, provides in part as follows: "It shall be competent in any charter framed under the authority of this section to provide that the municipality governed thereunder *may make and enforce all laws and regulations in respect to municipal affairs, subject only to the restrictions and limitations provided in their several charters, and in respect to other matters they shall be subject to general laws.*" (Emphasis added.)

The contention of the petitioners herein, as stated by their counsel, is that the details of the various acts charged were solely and strictly municipal affairs of the city of Los Angeles, and that the State of California was not interested in any way therein, and also that section 118 of the freeholders' charter of said city has superseded and obviated the effect

of section 113 of the Penal Code, in so far as the facts alleged in the indictment herein are concerned.

This contention is not well founded for the reason that the acts here charged for many years have been denounced by the laws of the State of California and designated as a felony, and it cannot now be said that the commission of such acts is strictly and solely a municipal affair of the city of Los Angeles.

The people of the state are primarily interested in the prevention of such crimes as are here charged, and the fact that the freeholders' charter of the city of Los Angeles designates some parts of the acts charged in the indictments as a misdemeanor only, cannot save the petitioners from a prosecution for the commission of the felony charged under the state law.

The only cases which we have been able to discover covering the main point raised by the petitioners herein, to wit: whether or not the crime charged was solely a municipal affair, are the following:

*Farmer* v. *Behmer*, 9 Cal. App. 773, in which it is stated at page 781 [100 Pac. 901]: "It is a novel doctrine that the legislature may empower a city, by its charter, to suspend the operation of general laws punishing crime. No one would for a moment contend that murder, manslaughter, larceny, burglary, or any other of the long list of crimes punishable by statute could be condoned or palliated by an ordinance regulating or licensing such offenses. The heinousness or degree of the crime can make no difference. The statute punishing the keeping of a house of prostitution as a crime can no more be suspended in its operation than any other criminal statute."

*Robert* v. *Police Court*, 148 Cal. 131, in which it is stated at page 136 [82 Pac. 838], in a concurring opinion written by Chief Justice Beatty: "I concur in the judgment upon the ground discussed by Justice Lorigan, and upon the further and to my mind more important and more satisfactory ground that the jurisdiction of offenses defined by state law must be regulated by general state law, and that such regulations cannot be altered or qualified by any provision of a freeholders' charter. The trial and punishment of offenses defined by the laws of the state is not a municipal affair. Jurisdiction of such offenses may be conferred upon police courts by act of the legislature, but cannot be conferred by

special freeholders' charters, and certainly not in a manner which will impair the operation of general laws.''

Neither the judicial system nor the matter of jurisdiction over crimes may be classified as ''municipal affairs''. (18 Cal. Jur. 788, citing in addition to the above cases, *Nicholl* v. *Koster,* 157 Cal. 416 [108 Pac. 302]; *Jackson* v. *Baehr,* 138 Cal. 266 [71 Pac. 167].) See, also, *Griffin* v. *City of Los Angeles,* 134 Cal. App. 763 [26 Pac. (2d) 655], and *City of Los Angeles* v. *Gurdane,* 59 Fed. (2d) 161, 164.

For the foregoing reasons, the writ is denied; but, by reason of the fact that this is an *ex parte* proceeding, in setting forth such reasons it is not to be understood that the petitioners, or either of them, shall be thereby foreclosed from presenting the same questions referred to herein on the appeal from the judgment, or in any other proceeding.