[Crim. No. 339.   Fifth Dist.   Mar. 7, 1967.]

THE PEOPLE, Plaintiff and Appellant, v. GEORGE EVANS, Defendant and Respondent.

Kenneth W. Hoagland, City Attorney, and Raymond C. Clayton, Deputy City Attorney, for Plaintiff and Appellant.

George Evans, in pro. per., for Defendant and Respondent.

CONLEY, P. J.—The criminal complaint in this case was originally filed in the Municipal Court of the Bakersfield Judicial District of Kern County in an attempt to enforce a provision of the Bakersfield Transient Lodging Ordinance (ordinance No. 1200, New Series, amended by emergency ordinance No. 1286, New Series, and by ordinance No. 1511, New Series), which required the defendant Evans, as a hotel-keeper in the city, to remit to the municipal tax collector public monies collected by him during some 17 months. In conformity with the experience of many other California cities, the governing board of Bakersfield, by the amended ordinance, laid a tax upon all persons enjoying transient lodging in the city consisting of 4 percent of the room rent. The persons who conduct these hotels and motels are required by the ordinance to collect, report on, and remit these public monies monthly to the tax collector of the city. The complaint contains 17 counts; it covers a period from September 1, 1964, as specified in the first count, to January 1, 1966, as stated in the 17th count. The monies alleged to have been collected by

Mr. Evans from month to month and not paid to the tax collector of the City of Bakersfield are alleged to be in varying amounts, depending upon 4 percent of the charges made by him for the room rent of transients during the periods in question. The total of the claims specified in the 17 counts amounts to the sum of $2,149.50.

As illustrative of the contents of the several counts, the preliminary allegation and the averments concerning the first count are: "Personally appeared before me this 25th day of February, 1966, WALTER W. SMITH, who being first duly sworn, complains and accuses defendant of the crime of misdemeanor, to wit:

"1st count: Violation of Bakersfield Municipal Code section 6.12.040 in that said George Evans on or about September 1, 1964, did wilfully and unlawfully fail to remit to the Tax Collector of the City of Bakersfield, transient hotel taxes in the amount of $157.39."

The 16 other charges which follow are all in the same form except for the dates and the amounts involved. All accusations are based upon the provisions of section 6.12.100 of the Transient Lodging Tax Ordinance, as amended, which reads as follows: "6.12.100 *Penalty for violations.* Any person violating any of the provisions of this chapter or knowingly or intentionally misrepresenting to any officer or employee of this city any material fact in reporting the taxes herein provided for shall be deemed guilty of a misdemeanor and upon conviction thereof, be fined not less than twenty-five dollars ($25) nor more than five hundred dollars ($500) and each violation or failure shall constitute a separate offense. Such conviction shall not relieve any such person from the payment, collection or remittance of said tax as provided in this chapter."

A general demurrer to the complaint was filed; after briefing and argument, the trial court sustained the demurrer and dismissed the complaint, holding that the ordinance, insofar as it involved the penalty, was unconstitutional. The record does not show what constitutional provision was involved in the holding. The ultimate result of the appeal taken to the superior court by the city was that the judgment of dismissal was affirmed by a vote of two judges of the appellate department of the superior court, with one judge dissenting. Thereafter, all three judges joined in certifying the case to this court (rule 63(a), Cal. Rules of Court) "for determination of an important question of law," saying:

"Certification is expressly made on this basis only, as in our judgment it does not conflict with established California law. The important question is whether or not the criminal procedure should be available in the absence of a *mens rea* in collection of taxation matters." The cause was then ordered transferred to this court (rule 62, Cal. Rules of Court) and, it was thereafter argued and briefed (rule 65, Cal. Rules of Court) by the respective parties.

After carefully considering all of the elements involved in the litigation, we have come to the conclusion that the judgment of dismissal must be sustained, even though our reasons differ materially from those advanced by the trial court and the Appellate Department of the Superior Court of Kern County. In 3 American Jurisprudence, Appeal and Error, § 1008, p. 563, it is said: "A decision right in result will not be reversed even though the reason stated is wrong." (See also 5B, C.J.S., Appeal & Error, § 1849, pp. 287-288.)

The constitutionality of the ordinance was specifically upheld in the case of *Gowens* v. *City of Bakersfield*, 193 Cal.App.2d 79 [13 Cal.Rptr. 820]. That opinion decides that the tax in question was properly levied on the privilege granted transients to occupy a temporary lodging in the City of Bakersfield, that the ordinance as amended "establishes a proper classification or demarcation between 'transients' and permanent lodgers," and that such classification is not arbitrary or unreasonable. This specific approval of the ordinance laid at rest the question of constitutionality of the ordinance and similar inquiries. For example, it cannot well be questioned that Bakersfield, in line with its legislative authority, may designate the people who conduct hotels and motels in the city as assistants charged with the collection of taxes from transients, in view of the desire of such people to carry on the hotel business within the corporate limits of the municipality. This is what was done in the present instance, and the method of collection of taxes of this kind is a legitimate exercise of authority. It should be noted, incidentally, that the defendant did not question his duty to collect the taxes; he undertook to charge all transient lodgers 4 percent of the room rent and these monies became public monies immediately upon collection; these collections were then held in trust by Mr. Evans and his duty to deliver them to the city was operative. Certainly, Mr. Evans had no authority to keep these funds for himself or to use them for his own purposes.

The monies thus collected by Mr. Evans are obviously trust monies. They are the property of the city and of no one else, and the duty on the part of Mr. Evans, under the law, is clear; he must account for them and pay them over to the tax collector of the city as prescribed by the ordinance.

■ The City of Bakersfield is qualified to enact ordinances of this kind. It is a chartered city (Stats. 1915, p. 1552 et seq.; Deering's Gen. Laws, Act 621, p. 19), and section 12 of the charter (Stats. 1915, pp. 1555-1556) provides that, among other specified powers, the city ''. . . may assess, levy and collect taxes and provide penalties for non-payment thereof, for general and special purposes, on all subjects or objects which the city may lawfully tax; . . . may make and enforce local police, sanitary and other regulations; and may pass such ordinances as may be expedient for maintaining and promoting the peace, good government and welfare of the city; the city shall have all powers that now are, or hereafter may be granted to municipalities by the constitution or laws of the State of California; . . . The enumeration of particular powers by this charter shall not be held or deemed to be exclusive, but, in addition to the powers enumerated herein, the city shall have, and may exercise all other powers which, under the constitution and laws of California, it would be competent for this charter specifically to enumerate.''

As is said in 51 American Jurisprudence, Taxation, section 980, page 857: ''The continued existence of the effective government depends upon regular receipt of public revenue. It is imperatively necessary that taxes be paid or collected promptly; delay cannot be tolerated. The legislature may adopt any reasonable method designed for the effective enforcement of the collection of taxes, whether the property taxed belongs to residents or nonresidents. Whether the means adopted are within reasonable and rational limits is largely a question for the legislature alone. By whom, when, and through what procedure or remedy taxes shall be collected is a matter for legislative determination, subject to the rule that the procedure cannot be utterly unreasonable or arbitrary or unequal and unjust in its operation. The legislature may provide the most summary measures for the enforcement of the collection of taxes without divesting a citizen of his property without due process of law. It may prescribe what shall be essential and what unessential in tax collection proceedings, subject only to the fundamental principle that a person whose property is to be subject to taxation must have

notice and an opportunity to be heard as to the amount of the charge upon his property, or, in other words, that due process of law must be provided for.''

In *Roth Drug, Inc.* v. *Johnson,* 13 Cal.App.2d 720, 732 [57 P.2d 1022], the following excerpt from 2 Cooley's Constitutional Limitations, eighth edition, page 986, is quoted with approval: '' 'The power to impose taxes is one so unlimited in force and so searching in extent, that the courts scarcely venture to declare that it is subject to any restrictions whatever, except such as rest in the discretion of the authority which exercises it. It reaches to every trade and occupation; to every object of industry, use, or enjoyment; to every species of possession; and it imposes a burden which, in case of failure to discharge it, may be followed by seizure and sale or confiscation of property. No attribute of sovereignty is more pervading, and at no point does the power of government affect more constantly and intimately all the relations of life than through the exactions made under it.' ''

██ The City of Bakersfield undoubtedly has the general power to levy taxes for revenue. (27 Cal.Jur.2d, Innkeepers, § 21, p. 271; Gov. Code, § 43000; *West Coast Advertising Co.* v. *City & County of San Francisco,* 14 Cal.2d 516 [95 P.2d 138].)

The question whether section 6.12.100 of the ordinance, as amended, effectively authorizes a criminal prosecution agitated the appellate department of the superior court as well as the trial court. Two of the three judges of the appellate department of the superior court felt that as no requirement of *mens rea* is specifically contained in the section it is necessarily ineffective. Section 20 of the Penal Code provides that in every public offense there must be a "union, or joint operation of act and intent, or criminal negligence." In this connection it should be noted that in the definitions of most crimes, the Penal Code says nothing about the provisions of section 20; however, the requirements contained in it apply to all criminal prosecutions in this state; the nature of the intent may not amount to more than a wilful intention to do the forbidden act, or a wilful intention not to do the required act.

██ The complaint in this case alleges that the defendant wilfully and unlawfully failed to make the required payments. This is no more than saying that the defendant knew what he was doing, or what he was failing to do. In an offense of this kind it is not necessary to have a fraudulent intent, or

in fact any intent other than the intent to perform, or omit, the specified act entirely apart from motive, or evil intention. The offenses charged by the city are of the character discussed in *People* v. *Dillon,* 199 Cal. 1, 7 [248 P. 230], where it is said: "The province of regulating the *quantum* and kind of proof that shall be required to establish guilt in any class or grade of crime is a legislative prerogative, pure and simple, and courts may not interfere with this right except in extreme cases. No one will deny the power or right of the legislature to provide that embezzlement of public moneys is committed by a public officer when he uses public funds in a manner forbidden by law even though he may have no fraudulent intent when he does so. To render a person guilty of crime it is not essential to a conviction that the proof should show such person to have entertained any intent to violate law. (Pen. Code, sec. 7; *People* v. *O'Brien,* 96 Cal. 171 [31 P. 45].) It is sufficient that he intentionally committed the forbidden act. Statutes which come clearly within the exercise of the police power of the state, of which section 424 is a striking example, fully illustrate the rule. (*People* v. *McClennegen,* 195 Cal. 445 [234 P. 91], and cited cases.) Section 20 of the Penal Code is too clear to require juridical support. It provides: 'In every crime or public offense there must exist a union or joint operation of *act* and *intent,* or criminal negligence.' (Italics supplied.) The only construction that may be placed upon the above quoted section is that there must be an intent to do the forbidden thing or commit the interdicted act. It furnishes no basis for the claim that there must exist in the mind of the transgressor a specific purpose or intent to violate law. If it were so, innumerable statutes would be rendered ineffectual. The true rule was announced a number of years ago in *People* v. *O'Brien, supra.* Denis O'Brien was named as grantee in a conveyance of a certain tract of land. After the execution and delivery of the deed to him he erased his name and inserted the name of his wife. In this form the deed was at his request recorded in the office of the county recorder. Thereafter he called upon the county recorder before whom the deed had been acknowledged, informed him that he had erased his own name and substituted the name of his wife as grantee, and requested the recorder to change the record so that it would speak the truth with reference to the transaction. The grantor named in the deed and Mrs. O'Brien having consented to the making of the change, the recorder, as requested by O'Brien changed the record by erasing the name of the wife, Mary

O'Brien, and inserting the name of the husband, Denis O'Brien. The defendant, Denis O'Brien, was convicted of the crime of altering the public record. He was prosecuted under the provisions of sections 113 and 114 of the Penal Code, which make it a crime for a public officer, or a person not a public officer to wilfully alter a public record. Fraudulent intent is not specifically made an ingredient of the offense. In that case, as in the instant case, it was urged that it was necessary in making out the offense to prove a fraudulent intent. After holding that ignorance of the law, upon rules that rest upon public necessity, the welfare of society and the safety of the state, does not constitute a legal excuse for the commission of a criminal act, the decision proceeds to discuss fraudulent intent as an element of crime. We quote: 'It is a familiar rule, that to constitute crime there must be a union of act and intent; but our code provides that "the word 'wilfully' when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act or make the omission referred to. It does not require any intent to violate law, or to injure another or to acquire any advantage." (Pen. Code, sec. 7). . . .' "

The attempted conviction of the defendant for his omissions to make the payments described in the ordinance was rendered ineffective, because years ago the state took over the whole field of punishment for a refusal or neglect to pay public monies to the proper official; the attempt of the local legislative body to impose a different, and incidentally a lesser, penalty is, therefore, null and void.

Section 424 of the Penal Code provides in part as follows: "Each officer of this state, or of any county, city, town, or district of this state, *and every other person charged with the receipt, safekeeping, transfer, or disbursement of public monies,* who . . .

" . . . . . . . . . . . . .

"7. Willfully omits or refuses to pay over to any officer or person authorized by law to receive the same any money received by him under any duty imposed by law so to pay over the same ;—

"Is punishable by imprisonment in the state prison for not less than one nor more than 10 years, and is disqualified from holding any office in this state." (Italics added.)

It will be observed that the law is general and specifically applicable to everyone in the state who is charged with the safekeeping and transfer of public monies.

This is a primary matter of state concern and the Legislature has preempted the entire field of protection of this kind for public monies; the Legislature has ". . . adopted a general scheme for the regulation of this subject"; therefore, the attempt of the City of Bakersfield to denounce, with criminal penalties, these identical forbidden omissions is insupportable. (Cal. Const., art. XI, § 11; *In re Lane,* 58 Cal.2d 99 [22 Cal.Rptr. 857, 372 P.2d 897]; *In re Moss,* 58 Cal.2d 117 [23 Cal.Rptr. 361, 373 P.2d 425]; *In re Hubbard,* 62 Cal.2d 119 [41 Cal.Rptr. 393, 396 P.2d 809]; *Professional Fire Fighters, Inc.* v. *City of Los Angeles,* 60 Cal.2d 276 [32 Cal.Rptr. 830, 384 P.2d 158]; *Pipoly* v. *Benson,* 20 Cal.2d 366, 370 [125 P.2d 482, 147 A.L.R. 515]; *In re Sic,* 73 Cal. 142 [14 P. 405]; *Ex parte Mansfield,* 106 Cal. 400, 405 [39 P. 775]; *Agnew* v. *City of Los Angeles,* 51 Cal.2d 1, 5-6 [330 P.2d 385]; *Ex parte Daniels,* 183 Cal. 636 [192 P. 442, 21 A.L.R. 1172]; *Ex parte Stephen,* 114 Cal. 278 [46 P. 86]; *In re Mingo,* 190 Cal. 769 [214 P. 850]; *In re Murphy,* 128 Cal. 29 [60 P. 465]; *People* v. *De Ferrari,* 63 Cal.App. 671 [219 P. 1048]; *People* v. *Huchstep,* 114 Cal.App.Supp. 769 [300 P. 448]; *In re Portnoy,* 21 Cal.2d 237 [131 P.2d 1]; *People* v. *Villarino,* 134 Cal.App.2d Supp. 893 [286 P.2d 86]; *In re Shaw,* 32 Cal.App.2d 84 [89 P.2d 161]; *Robillwayne Corp.* v. *City of Los Angeles,* 241 Cal.App.2d 57 [50 Cal.Rptr. 1]; *People* v. *Cole,* 226 Cal.App.2d 125 [37 Cal.Rptr. 798].)

The judgment of the trial court is correct, although wrong reasons were given for it. The ordinance is effective, except in the one particular covered by section 424 of the Penal Code.

The judgment is affirmed, and the clerk of this court is directed to issue the remittitur, in due course, in accordance with rule 68 of the California Rules of Court.

Stone, J., concurred.

Gargano, J., being disqualified, did not participate.