Filed 7/19/16  P. v. Stephens CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JUSTIN DAVID JOHN STEPHENS,<br><br>    Defendant and Appellant. | G051355<br><br>(Super. Ct. No. 12CF0034)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge.  Affirmed.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, Meagan J. Beale and Parag Agrawal, Deputy Attorneys General, for Plaintiff and Respondent.

Justin David John Stephens appeals from a postjudgment order denying his petition to have his felony conviction for receiving a stolen car (Pen. Code, § 496d),[1] redesignated a misdemeanor pursuant to section 1170.18.  Stephens argues that because the Safe Neighborhoods and Schools Act (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 14; Proposition 47), which enacted section 1170.18, also mandated that the theft or receipt of property worth less than $950 be designated a misdemeanor, it would be a denial of equal protection to maintain felony status for the crime of merely *receiving a stolen vehicle* worth less than $950.

This issue has generated conflicting opinions in the Court of Appeal, and it is currently before the California Supreme Court.  We need not address it, however, because even assuming receiving a stolen car having a value of $950 or less can be treated as petty theft pursuant to section 490.2, subdivision (a), or a misdemeanor offense pursuant to section 496, Stephens failed to produce evidence of the value of the vehicle, and thus failed to demonstrate his eligibility for relief under section 1170.18, subdivision (f).  Consequently, we affirm the postjudgment order without prejudice to subsequent consideration of a properly filed petition.[2]

## FACTS

In January 2012, an information charged Stephens with unlawful taking of a vehicle, grand theft auto, and receiving a stolen vehicle.  The vehicle was identified as a "2006 Buick Rendezvous."  In March 2012, he pleaded guilty to the count of receiving a

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

[2] Stephens has also asked that we take judicial notice of the Official Voter Information Guide for Proposition 47, and the Report of the Legislative Analyst's Office on Proposition 47.  We deny the request on the ground those documents are unnecessary to our resolution of this appeal.

2

stolen vehicle.  Stephens offered the following facts in support of his plea:  "December 5, 2009, I unlawfully received a motor vehicle with knowledge that it was stolen."

In November 2014, Stephens filed a one-page application to have his felony conviction recalled and reduced to a misdemeanor pursuant to section 1170.18, subdivision (f).  The district attorney objected to the application on the basis the value of the stolen vehicle Stephens possessed was in excess of $950 and demurred to it on the basis the petition failed to state sufficient facts to justify relief under section 1170.18, subdivision (f).

In December 2014, Stephens filed a formal petition seeking relief, which included a request that the trial court "examine the record of conviction" to determine "if the value of the vehicle . . . was $950 or less."  He did not specifically allege that it was, or direct the court to any evidence on that point.  At the hearing on Stephens' motion, the trial court indicated his petition was denied because the stolen property he possessed "is a car."

DISCUSSION

Section 490.2 was enacted pursuant to Proposition 47.  Subdivision (a) of section 490.2 states, "Notwithstanding [s]ection 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor," with some exceptions not relevant here.  This statute is particularly important in the context of section 1170.18, where a defendant's ability to convert a prior felony into a misdemeanor depends on whether the defendant "would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense . . . ." (§ 1170.18, subd. (a).)  Proposition 47 did not amend section 496d, which continues to be punishable as a felony.

3

Many courts have struggled with the question whether the catch-all provision of section 490.2 renders vehicle thefts misdemeanors if the vehicle is valued at less than $950. In *People v. Page* (2015) 241 Cal.App.4th 714, review granted January 27, 2016, S230793, the court reasoned Vehicle Code section 10851 is not a theft statute and is thus unaffected by section 490.2. A similar result was reached in *People v. Solis* (2016) 245 Cal.App.4th 1099, review granted June 8, 2016, S234150, and *People v. Haywood* (2015) 243 Cal.App.4th 515, review granted March 9, 2016, S232250. The opposite conclusion was reached in *People v. Ortiz* (2016) 243 Cal.App.4th 854, review granted March 16, 2016, S232344. The Supreme Court has also granted review in two cases where the felony conviction, like in this case, was for receiving a stolen vehicle (§ 496d). (*People v. Nicholas* (2016) 244 Cal.App.4th 681, review granted April 20, 2016, S233055, and *People v. Peacock* (2015) 242 Cal.App.4th 708, review granted February 17, 2016, S230948.)

We need not address this issue because even assuming receiving a stolen vehicle falls within the ambit of section 1170.18, Stephens failed to demonstrate his eligibility for relief because he failed to present any evidence the vehicle in question was valued at $950 or less.

On appeal, we are required to presume an order of the trial court is correct, indulging all inferences to support it on matters as to which the record is silent, and the burden is on the appellant to affirmatively demonstrate error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) More significant in this case is the rule that "an appellate court reviews the action of the lower court and not the reasons given for its action; and . . . there can be no prejudicial error from erroneous logic or reasoning if the decision itself is correct." (*Estate of Beard* (1999) 71 Cal.App.4th 753, 776 (*Beard*), italics omitted.) Thus, we will affirm an order if it is correct on any theory applicable to the case, even if the trial court fails to clearly specify a proper basis for its decision. (*Id.* at p. 777; *People v. Evans* (1967) 249 Cal.App.2d 254, 257.)

4

As petitioner in the trial court, it was Stephens' burden to offer evidence on the facts necessary to justify relief. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879 (*Sherow*).) In the *Sherow* case, petitioner, who had been convicted of second degree burglary, sought to be resentenced pursuant to section 1170.18, subdivision (a), but provided no evidence in conjunction with his petition, and there was nothing in the record indicating the value of the property he stole. (*Id.* at p. 877.) In concluding the burden was on petitioner, the court reasoned, "As an ordinary proposition: '"[A] party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense he is asserting."'" (*Id.* at p. 879.) It rejected petitioner's due process argument, holding, "We think it is entirely appropriate to allocate the initial burden of proof to the petitioner to establish the facts, upon which his or her eligibility is based. [¶] Applying the burden to [petitioner] would not be unfair or unreasonable. He knows what kind of items he took from the stores in counts 1 and 2. At the time of trial it was not necessary for the prosecution to prove the value of the loss to prove second degree burglary. Thus there is apparently no record of value in the trial record. [¶] A proper petition could certainly contain at least [petitioner's] testimony about the nature of the items taken. If he made the initial showing the court can take such action as appropriate to grant the petition or permit further factual determination." (*Id.* at p. 880.)

We agree with this legal analysis. A court must determine "petitioner's eligibility for resentencing based on the record of conviction." (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1338 [as to Prop. 36 & § 1170.126].) Moreover, section 1170.18, subdivision (g), states, "If *the application* satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor." (Italics added.) Although section 1170.18 does not explicitly allocate the burden of proof, requiring that "the application" satisfy the appropriate criteria strongly suggests the burden is on the petitioner.

Applying these principles here, Stephens' record in this case does not include any evidence as to the value of the vehicle he was convicted of possessing. All that can be discerned is that it was alleged to be a 2006 Buick Rendezvous, and was thus approximately three years old in December 2009, when Stephens admitted to possessing it. To the extent that suggests a value, it does not suggest a value of $950 or less. Accordingly, Stephens failed to demonstrate his eligibility for relief under section 1170.18. As mentioned earlier, we affirm an order if it correct on any theory applicable to the case. (*Beard, supra,* 71 Cal.App.4th at p. 777.)

In the *Sherow* case, the court affirmed the denial of defendant's petition "without prejudice to subsequent consideration of a properly filed petition." (*Sherow, supra,* 239 Cal.App.4th at p. 881.) We will do the same.

## DISPOSITION

The postjudgment order is affirmed without prejudice to subsequent consideration of a properly filed petition. Stephens' motion to take judicial notice is denied.


O'LEARY, P. J.

WE CONCUR:


MOORE, J.


FYBEL, J.

6