Filed 4/7/21  P. v. Brown CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JERRY EMANNUEL BROWN II,<br><br>Defendant and Appellant. | B303072<br><br>(Los Angeles County Super. Ct. No. MA070234)<br><br>ORDER MODIFYING OPINION<br><br>NO CHANGE IN JUDGMENT |

THE COURT:*

IT IS HEREBY ORDERED that the opinion filed herein on April 1, 2021, be modified as follows:

On the title page, delete "Christopher G. Estes, Judge" and replace it with "Charles A. Chung, Judge."

There is no change in judgment.

_____

* ASHMANN-GERST, Acting P. J.     CHAVEZ, J.     HOFFSTADT, J.

Filed 4/1/21  P. v. Brown CA2/2 (unmodified opinion)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JERRY EMANNUEL BROWN II,<br><br>    Defendant and Appellant. | B303072<br><br>(Los Angeles County<br>Super. Ct. No. MA070234) |

APPEAL from an order of the Superior Court of Los Angeles County, Christopher G. Estes, Judge.  Affirmed.

Johanna Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Blythe J. Leszkay and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Jerry Emannuel Brown, II (defendant) appeals from the denial of his Proposition 64 petition for resentencing or dismissal under Health and Safety Code section 11361.8, subdivision (b).[1] Defendant contends that the trial court erred in rejecting his argument that when Proposition 64 legalized simple possession of cannabis by people 21 years of age or older, it was meant to extend to those incarcerated in state prisons. We agree with respondent that defendant does not qualify for relief under section 11361.8, and thus we affirm the trial court's order.

## BACKGROUND

In 2017, defendant was charged with one count of possession of a controlled substance in a custodial facility, in violation of Penal Code section 4573.6, subdivision (a). In 2018, defendant agreed to plead no contest to the charge in exchange for a sentence of four years, to run consecutively to the prison term he was currently serving, without admitting the two prior serious felonies alleged in the information. Defendant entered his plea and stipulated that the incident report and the probation officer's report provided the factual basis for his plea. The probation report and incident report provide that on December 24, 2016, while defendant was incarcerated and with a visitor, correctional officers monitoring the visiting room observed defendant holding a blue bindle in his hand. The bindle was recovered and determined to contain 1.5 grams of marijuana. Defendant was then x-rayed, and another bindle was observed in his stomach, which was later determined to contain 1.5 grams of marijuana.

_____

[1]	All further statutory references are to the Health and Safety Code, unless otherwise indicated.

2

On February 5, 2018, the court sentenced defendant to a consecutive term of four years in prison and ordered him to pay fines and fees.

In September 2019, defendant filed a Proposition 64 petition for resentencing or dismissal under section 11361.8, subdivision (b). On December 3, 2019, following a hearing at which defendant was present with counsel, the trial court denied defendant's petition.

Defendant filed a timely notice of appeal from the trial court's order. Finding no error, we affirm the order.

## DISCUSSION

Defendant contends that the order must be reversed because the prosecution did not prove by clear and convincing evidence that defendant failed to satisfy the criteria set forth in section 11361.8.

Section 11361.8 was enacted by Proposition 64, the Control, Regulate and Tax Adult Use of Marijuana Act (the Act), effective November 9, 2016. With certain limitations, Proposition 64 legalized possession of not more than 28.5 grams[2] of marijuana[3] by persons 21 years of age or older. (See § 11362.1, subd. (a)(1).) Section 11361.8 established a procedure by which "[a] person currently serving a sentence for a conviction, whether by trial or by open or negotiated plea, who would not have been guilty of an offense, or who would have been guilty of a lesser offense under

_____

[2] 28.5 grams of marijuana is about one ounce. (*People v. Kelly* (2010) 47 Cal.4th 1008, 1023.)

[3] The Act was later amended to change "marijuana" to "cannabis" throughout Health and Safety Code. (See Stats. 2017, ch. 27, § 133.)

3

[the Act] had that act been in effect at the time of the offense[,] [to] petition for a recall or dismissal of sentence. . . .”

Defendant was convicted upon a plea of no contest to a violation of Penal Code section 4573.6, subdivision (a), which provides:  “Any person who knowingly has in his or her possession in any state prison . . . any controlled substances, the possession of which is prohibited by Division 10 (commencing with Section 11000) of the Health and Safety Code . . . without being authorized to so possess the same by the rules of the Department of Corrections, rules of the prison . . . or by the specific authorization of the warden . . . is guilty of a felony . . . .”

There is a split of authority as to whether Proposition 64 legalized simple possession of cannabis in state prisons, and the issue is currently pending before the California Supreme Court. The First, Fourth, and Sixth District Courts of Appeal hold Proposition 64 did not affect existing prohibitions against the possession of cannabis in prison.  (*People v. Perry* (2019) 32 Cal.App.5th 885, 890 (*Perry*), review denied; *People v. Whalum* (2020) 50 Cal.App.5th 1, review granted Aug. 12, 2020, S262935; *People v. Herrera* (2020) 52 Cal.App.5th 982, review granted Oct. 14, 2020, S264339.)  The Third District reached the opposite conclusion in *People v. Raybon* (2019) 36 Cal.App.5th 111 (*Raybon*), review granted August 21, 2019, S256978.  The trial court considered the decisions in *Raybon* and *Perry*, found *Perry*’s analysis persuasive, and therefore denied the petition.

Defendant argues that *Raybon* had the better analysis, and invites this court to follow its reasoning to hold that Proposition 64 decriminalizes the possession of less than 28.5 grams of cannabis in prison by persons 21 years of age or older.  We disagree with *Raybon*’s analysis, and like the trial court, find the

analysis in *Perry*, *supra*, 32 Cal.App.5th 885, to be more persuasive. We thus adopt its reasoning; however, we need not undertake a summary of *Perry*'s analysis or explain the legal principles involved in determining whether the changes made by Proposition 64 should be applied to defendant, as we agree with respondent that Proposition 64 does not apply to defendant, and thus section 11361.8 does not afford defendant relief.

Respondent points out that defendant was sentenced *after* Proposition 64 became effective, and argues that section 11361.8 does not apply here, as it sets forth the procedure for *retroactive* application of Proposition 64, which clearly limits those who may petition for a recall or dismissal to persons "who would not have been guilty of an offense . . . had [the Act] been in effect at the time of the offense . . . ." (§ 11361.8, subd. (a).)

Respondent compares Proposition 64 to Proposition 47, which enacted a similar procedure, which allowed a person "whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor . . . had [Proposition 47] been in effect at the time of the offense [to] petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code . . . , as those sections have been amended or added by this act." (Pen. Code, § 1170.18, subd. (a).) Where a defendant has not been sentenced prior to the effective date of Proposition 47, the resentencing provisions of Penal Code section 1170.18 do not apply, as such a defendant is entitled to initial sentencing under the statutes amended by the proposition. (See *People v. Lara* (2019) 6 Cal.5th 1128, 1135.) By analogy to Proposition 47, respondent contends that the petitioning

5

procedures of Proposition 64 similarly do not apply to defendant, who had not been charged or sentenced prior to the proposition's effective date.

We agree. Not only had defendant not been charged or sentenced prior to the effective date of Proposition 64, he had not yet committed the offense. He was thus entitled to raise the issue in the initial proceedings against him. (See *People v. Lara*, *supra*, 6 Cal.5th at p. 1135.) It follows that any time prior to entering his no contest plea defendant could have raised the contention that possession of less than an ounce of cannabis in prison was no longer a crime.

"[W]hen the Legislature repeals a criminal statute -- or otherwise removes state sanctions from conduct formerly deemed criminal -- its action requires the dismissal of pending criminal proceedings charging such conduct . . . [as] the repeal of a criminal statute without a saving clause terminates all criminal prosecutions not reduced to final judgment." (*People v. Collins* (1978) 21 Cal.3d 208, 212, citing *Spears v. County of Modoc* (1894) 101 Cal. 303, 305.) When a judgment is entered in violation of this rule, it will be reversed on appeal, and if the judgment was obtained by a plea bargain, the remedy on remand must "restore[] to the state the benefits for which it bargained without depriving defendant of the bargain to which he remains entitled." (*People v. Collins*, *supra*, at pp. 212, 216.) The instant appeal was not taken from the 2018 judgment, but from the denial of defendant's petition. Under such circumstances, defendant's remedy, if any, is by way of habeas corpus. (See *People v. Jerome* (1984) 160 Cal.App.3d 1087, 1095-1096.) Thus, the trial court's denial of defendant's Proposition 64 petition was not error.

# DISPOSITION

The order denying defendant's petition is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.

CHAVEZ

We concur:

_____, Acting P. J.

ASHMANN-GERST

_____, J.

HOFFSTADT

7